UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.            )<br>)<br>ERICK R. BROWN, and     )<br>MILAGROS L. MORALES,    )<br>)<br>Defendants.    )<br> | Crim. No. 1:07-cr-00075-CKK |

**DEFENDANTS' MOTION TO DISMISS COUNTS ONE
THROUGH EIGHT OF THE INDICTMENT FOR LACK OF SPECIFICITY
(Defendant's Pretrial Motion No. 1)**

      Defendants Erick R. Brown and Milagros L. Morales, through counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), to dismiss Counts One through Eight of the Indictment for failure to allege the offenses with specificity.

      Defendants respectfully request oral argument on this motion. A proposed Order is attached.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Counsel for Erick R. Brown

- 2 -

        David Schertler
        Danny Onorato
        Schertler & Onorato, L.L.P.
        601 Pennsylvania Avenue, N.W.
        North Building - 9th Floor
        Washington, D.C. 20004-2601
        (202) 628-4199

        Counsel for Milagros L. Morales

Dated: April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**UNITED STATES OF AMERICA,**       )
                                    )
         v.                         )   Crim. No. 1:07-cr-00075-CKK
                                    )
**ERICK R. BROWN, and**             )
**MILAGROS L. MORALES,**            )
                                    )
         **Defendants.**            )
_____)


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COUNTS ONE
THROUGH EIGHT OF THE INDICTMENT FOR LACK OF SPECIFICITY
<u>(Defendant's Pretrial Motion No. 1)</u>**

**I.     INTRODUCTION**

The Court should dismiss Counts One through Eight of the Indictment because the Indictment lacks the specificity required by the U.S. Constitution, Rule 7(c)(1) of the Federal Rules of Criminal Procedure, and applicable precedent. Although the charging language of these counts tracks the bare statutory language and incorporates by reference the allegations in the Indictment's introduction, each count fails to allege the facts constituting the offense with the requisite specificity. The Indictment fails to specify the false statements that Defendants Erick R. Brown and Milagros L. Morales ("Defendants") allegedly made or caused to be made upon which Counts One through Eight are based. The Indictment merely contains conclusory allegations that Defendants provided, or caused various witnesses to the Club U incident to provide, untruthful information to an Assistant United States Attorney (the "AUSA"), without providing any detail about that information and how it was false. As such, these counts fail to

give Defendants notice as to what they must defend at trial.  Accordingly, the Court should dismiss Counts One through Eight.

**II.     THE INDICTMENT**

The Indictment charges Defendants with one count of conspiracy against civil rights (Count One), four counts of conspiracy to obstruct justice (Counts Two through Five), and three counts of making or causing to be made material false statements to the AUSA (Counts Six through Eight).  All of these counts arise out of allegations regarding Defendants' efforts to obtain an arrest warrant for Jerome Jones on charges of murder one while armed.  The Indictment alleges that Defendants caused three witnesses to the Club U incident -- identified as Witnesses A, B and C -- to alter their prior testimony and provide untruthful information to the AUSA about what they had seen.  Indictment at 4 (¶ 8), 5 (¶ 10).  In addition, the Indictment alleges that Defendants themselves provided material and false information about their investigation to, and concealed exculpatory information from, the AUSA.  Id. at 6 (¶ 11), 14 (¶ 2).

Counts One through Five charge Defendants with a conspiracy against civil rights and four separate conspiracies to obstruct justice.  Specifically, Count One alleges an agreement between Defendants to deprive Jerome Jones of his Fourth Amendment right to be free from unreasonable seizure by persons acting under color of law.  Counts Two through Five allege agreements between Defendants to obstruct justice through the provision of false information by a different source:  Witness A (Count Two); Witness B (Count Three); Witness C (Count Four); and Defendants themselves (Count Five).  The Indictment does not identify any specific overt acts in furtherance of these five alleged conspiracies.  Nor does the Indictment contain detailed allegations regarding the nature or scope of these conspiracies.  Rather, each conspiracy count

incorporates by reference the Indictment's introductory allegations without specifying which allegations relate to which conspiracy. Indeed, the conspiracy charges depend entirely on the allegations that Defendants provided or caused to be provided materially false information to the AUSA that themselves are not alleged with specificity, as set forth below.

Counts Six through Eight charge Defendants with making or causing to be made materially false statements to the AUSA. Each of these false statements counts alleges that Defendants provided false information to the AUSA through a separate source: Witness A (Count Six); Witness B (Count Seven); and themselves (Count Eight). However, the Indictment contains no specific allegations relating to these purportedly false statements. Among other things, the Indictment does not allege: (1) what statements Defendants caused Witness A to make to the AUSA about the Club U matter; (2) how the statements that Defendants caused Witness A to make were false; (3) what statements Defendants caused Witness B to make to the AUSA about the Club U matter; (4) how the statements that Defendants caused Witness B to make were false; (5) what statements Defendants themselves made to the AUSA about their investigation; or (6) how the statements Defendants themselves made were false. Rather, Counts Six through Eight incorporate by reference the vague and conclusory allegations in the Indictment's Introduction. Id. at 12 (¶ 1), 13 (¶ 1), 14 (¶ 1).

### III.    ARGUMENT

Counts One through Eight do not state the charged offenses with the specificity required by the Fifth and Sixth Amendments and Fed. R. Crim. P. 7(c)(1). Although each count generally tracks the language of the statutory offense it charges, and incorporates by reference the conclusory allegations in the Indictment's Introduction, each charge fails to allege the facts that constitute the offense with sufficient specificity to put Defendants on notice as to what they

must be prepared to defend at trial and to ensure that the prosecution is not free to fill in the details of its case with facts that the grand jury never considered. The paucity of specific factual allegations also makes the Indictment insufficient to prevent surprise at trial, or to permit Defendants to plead double jeopardy in the event of a future prosecution. Accordingly, the Court should dismiss Counts One through Eight.[1]

    A criminal indictment must be a "plain, concise and definite written statement *of the essential facts* constituting the offense charged." Fed. R. Crim. P. 7(c)(1) (emphasis added). "[A]ll the material facts and circumstances embraced in the definition of the offence must be stated, or the indictment will be defective." United States v. Hess, 124 U.S. 483, 486 (1888). Where an indictment tracks the bare language of the statute, it will be sufficient only if it is "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." Id. at 487; see also Russell, 369 U.S. at 765; Hamling v. United States, 418 U.S. 87, 117-18 (1974). "'[I]t is not sufficient that the indictment . . . charge the offence in the same generic terms as in the definition; but it must state the species; it must descend to particulars.'" United States v. Thomas, 444 F.2d 919, 921 (D.C. Cir. 1971) (footnote omitted); see also United States v. Conlon, 628 F.2d 150, 155 (D.C. Cir. 1980) (statutory language "must be supplemented with enough detail to apprise the accused of the particular offense with which he is charged"). In other words, "facts are to be stated, not conclusions of law alone." Hess, 124 U.S. at 487. Under this standard, "[t]o be legally sufficient, the indictment must assert *facts* which in law constitute

---

[1] Defendants are simultaneously filing a motion for a bill of particulars. However, "[a] bill of particulars will not cure a fatally defective indictment." United States v. Nance, 533 F.2d 699, 701 (D.C. Cir. 1976) (per curiam) (citing Russell v. United States, 369 U.S. 749 (1962)). A bill of particulars will only identify "what the prosecution is prepared to charge now, not what the grand jurors . . . thought they were charging when they voted the indictment." United States v. Fried, 450 F. Supp. 90, 93-94 (S.D.N.Y. 1978).

an offense; and which, if proved, *would establish prima facie the defendant's commission of that crime*." United States v. Superior Growers Supply, 982 F.2d 173, 177 (6th Cir. 1992) (emphasis added).

Specifying the facts that are alleged to make up the offense is necessary to protect the defendant's Fifth and Sixth Amendment rights to notice of the charges against him. Russell, 369 U.S. at 760-61. The Sixth Amendment guarantees that a defendant be informed of the "nature and cause of the accusation." Thus, an indictment must contain facts specific enough to inform the defendant not only of the elements of the offense charged, but also of "what he must be prepared to meet" at trial. Id. at 763-64 (citation and quotation marks omitted); see also United States v. Pickett, 353 F.3d 62, 67 (D.C. Cir. 2004). The Fifth Amendment ensures that an indictment contains enough detail to put the defendant on notice so that "in case any other proceedings are taken against him for a similar offence," the defendant can plead double jeopardy. Russell, 369 U.S. at 763-64. Finally, the Indictment Clause of the Fifth Amendment protects a defendant from the risk that a jury could convict on the basis of facts not presented to, or relied on, by the grand jury when it issued its indictment. Id. at 770; see also United States v. Hitt, 249 F.3d 1010, 1016 (D.C. Cir. 2001).

To satisfy the Constitution, the facts alleged in the indictment must adequately convey the "core of criminality" charged. Russell, 369 U.S. at 764. In Russell, the defendant refused to answer questions before a congressional committee. The statute under which he was prosecuted required a finding that the questions were pertinent to the subject of the congressional inquiry. Thus, the Court explained, the indictment needed to identify the questions or at least provide detailed descriptions of their subject matter in order to be sufficient. Absent these factual details, the defendant would not know which of the many questions posed to him was the

- 5 -

subject of the prosecution, or similarly, what specific actions he had taken that constituted the core of the alleged criminality. Permitting a defendant to remain ignorant of the basis of the charges against him would violate the protections guaranteed by the Sixth Amendment, the Due Process Clause, and the right to indictment by grand jury. See id. at 760-61, 764-66.

Counts One through Eight fail to provide sufficient factual information about the specific actions by which Defendants are alleged to have violated the law. These counts thus fall well short of the requirements for specificity articulated in Hess, Russell and the other foregoing precedents and should be dismissed.

### A. The Indictment Fails To Identify The False Statements At Issue in Counts Six Through Eight With Specificity

The "first essential criterion" for evaluating whether an indictment is sufficiently specific is whether the facts alleged convey the "core of criminality." Russell, 369 U.S. at 764. For a false statement charge, the core of criminality is the false statement itself. See Nance, 533 F.2d at 700 (noting that false representations are the core of charges that defendant obtained something of value by false pretenses). To be able to prepare a defense, a defendant accused of making false statements must be informed of the false statements at issue. See United States v. Dale, 782 F. Supp. 615, 622 (D.D.C. 1991) (holding that perjury indictment provided constitutionally sufficient notice where it was supplemented by "specific allegations of the alleged false statements which make up the charge"); see also United States v. Clifford, 426 F. Supp. 696, 703 (E.D.N.Y. 1976) ("Once the defendant is informed what it is he is claimed to have said, then he can marshal his evidence" to prepare his defense). Specifically, "[u]nder [18 U.S.C.] § 1001, the indictment has to provide adequate notice of the wording of the statements alleged to be false." United States v. Weinberger, Crim. No. 92-235, 1992 U.S. Dist. LEXIS

- 6 -

14534, at *12 (D.D.C. Sept. 29, 1992). Without specific allegations in the indictment as to what the false representations were, the prosecution "would have a free hand to insert the vital part of the indictment without reference to the grand jury." Nance, 533 F.2d at 701.

Counts Six and Seven are premised on alleged false statements that Defendants caused to be provided to the AUSA. Count Six alleges that Defendants "caused Witness A to provide material and untruthful information about the Club U matter" to the AUSA. Indictment at 12 (¶ 2). Count Seven alleges that Defendants "caused Witness B to provide material and untruthful information about the Club U matter" to the AUSA. Id. at 13 (¶ 2). Each count incorporates by reference the Indictment's Introductory allegations. Id. at 12 (¶ 1), 13 (¶ 1).

The Indictment alleges that Defendants conducted videotaped interviews of Witness A and Witness B shortly after the Club U incident and that the interviews were included in the investigative file presented to the AUSA. Indictment at 3 (¶ 7). The Indictment further alleges that after the AUSA initially declined to issue the arrest warrant for Jerome Jones, Defendants caused Witnesses A and B to change their testimony and provide untruthful information to the AUSA that differed from their videotaped statements. Id. at 4 (¶ 8). Yet nowhere does the Indictment identify a single statement or piece of information actually provided to the AUSA by Witnesses A or B, let alone specify: (1) the specific false statements provided to the AUSA; (2) what about those statements was false; or (3) how those statements differed from the statements the witnesses gave in their videotaped interviews.

Rather, the Indictment only contains generic and conclusory allegations about the statements provided by Witnesses A and B to the AUSA. For example, the Indictment alleges that Witnesses A and B made statements to the AUSA in which they "attributed conduct to Jerome Jones that was not accurate." Indictment at 4 (¶ 8). But the Indictment does not provide

- 7 -

any specific allegations about conduct they attributed to Jerome Jones, conduct that was falsely attributed to him, or how any such statements were inaccurate. The Indictment also alleges that Witness B told the AUSA "what the detectives told [her] to say," without providing any information about the information Witness B provided. Id. Such conclusory allegations leave the government free to fill in the blanks at trial and fail to protect Defendants' constitutional rights to adequate notice.

Even where the Indictment hints at specificity, it fails to deliver. The Indictment alleges that Witness B's videotaped statements differ "in three material respects" from the statements she directly gave the AUSA. Id. at 5 (¶ 9). However, the Indictment goes no further, failing to specify even a single inconsistency between the two sets of statements. In this regard, the Indictment is analogous to the one in Nance, which alleged that the defendants "'made and caused to be made the *following representations* . . . knowing said representations were untrue,'" yet inexplicably failed to set forth any of the representations the indictment signaled were to follow. Nance, 533 F.2d at 700 (citation and footnotes omitted). The court concluded that "'[w]here guilt depends so crucially upon . . . a specific identification of fact'" -- namely, a false representation -- the indictment's failure to provide it warranted dismissal. Id. at 701 (quoting Russell, 369 U.S. at 764). The same result is appropriate here with respect to Counts Six and Seven.[2]

Count Eight is similarly defective. Count Eight charges that Defendants themselves "provided material and untruthful information about their investigation of the Club U

---

[2] The Indictment also alleges that Detective Morales told Witness A that she and Detective Brown had been trying to get Witness B to change Witness B's testimony about the weapon used in the Club U incident to better match the forensic evidence. Indictment at 8 (¶ 4). However, the Indictment does not allege that Witness B actually provided the AUSA with any testimony, much less altered testimony, on the subject of the weapon.

matter to the assigned AUSA." Indictment at 14 (¶ 1). However, despite this conclusory charging language, none of the Indictment's allegations specify any affirmative, materially false representations made by Defendants to the AUSA. Thus, as alleged, Count Eight likewise fails to meet the minimum constitutional requirements of specificity and should be dismissed.

> B.  **Counts One Through Five Do Not Allege Conspiracies Against Civil Rights Or To Obstruct Justice With The Requisite Specificity**

The core of criminality in conspiracy charges is the agreement to violate the law. Iannelli v. United States, 420 U.S. 770, 777 (1975); United States v. Treadwell, 760 F.2d 327, 336 (D.C. Cir. 1985) ("The existence of an 'agreement' is the essential element of the statutory crime of conspiracy."). Because the agreement to further criminal activity is itself the crime, "'it is therefore essential to determine what kind of agreement or understanding existed as to each defendant.'" Treadwell, 760 F.2d at 336 (citations omitted).

Here, the allegations that Defendants conspired with each other to deprive Jerome Jones of his Fourth Amendment rights (Count One) or to corruptly obstruct and influence an official proceeding are utterly conclusory (Count Two through Five). These Counts contain no specific factual allegations showing that either Defendant agreed with one another to oppress anyone's civil rights or to commit acts of obstruction. Nor do they allege the scope of any such agreements, the roles to be played by either Defendant, or any overt acts taken in furtherance of the conspiracies charged.[3] Rather, Counts One through Five merely recite and incorporate by reference the same conclusory allegations on which the false statements counts are predicated -- i.e., that Defendants themselves were untruthful, and caused witnesses to be untruthful, about the Club U matter in effort to obtain an arrest warrant for Jerome Jones. Indictment at 8 (¶ 2), 9

---

[3] Defendants are separately moving to dismiss Counts Two through Five for failure to allege any overt acts, an essential element of the conspiracy charges alleged.

(¶ 2), 10 (¶ 2), 11 (¶ 2). Even though agreements to violate the law are rarely proved by direct evidence, the insufficiency of these conspiracy charges is compounded by their failure to allege with specificity the underlying conduct from which the jury will be asked to infer an illegal agreement. And, while conspiracy indictments ordinarily need not "'allege with technical precision all the elements essential to the commission of the [object] offense,'" United States v. Cisneros, 26 F. Supp. 2d 24, 50 (D.D.C. 1998) (citations omitted), where, as here, the underlying conduct is the only basis for inferring the existence or scope of the agreement, some factual specificity is required in order to satisfy the constitutional notice concerns of Russell, Hamling, and Hess. Otherwise, defendants are left without fair notice of the factual allegations that they must be prepared to defend or the factual allegations voted by the grand jury.

    The only factual allegations in the Indictment are set forth in its Introduction, which is incorporated by reference into each of the Indictment's five conspiracy counts. These introductory allegations provide the only basis from which to infer the essence of the illegal agreements at issue. Count One of the Indictment alleges that Defendants conspired to oppress Jerome Jones in his free exercise and enjoyment of his Fourth Amendment right to be free from unreasonable seizure by persons acting under color of law, in violation of 18 U.S.C. § 241. Indictment at 7 (¶ 2). Yet the Indictment fails to allege any specific acts performed under color of law that support the conspiracy against civil rights charge in Count One. Rather, the Indictment merely alleges that, acting under color of law, Defendants caused Witnesses A, B and C to alter their testimony and provide untruthful information to the AUSA regarding the Club U incident, including, inter alia, "attribut[ing] conduct to Jerome Jones that was not accurate." Id. at 4 (¶ 8), 5 (¶ 10). The Indictment contains no allegations whatsoever about any conduct these witnesses attributed to Jerome Jones, much less conduct that they falsely attributed to him. Put

another way, Count One is predicated on the same, conclusory allegations about altered testimony and unspecified false statements as Counts Six through Eight, discussed above. And just as those allegations fail to provide Defendants with constitutionally sufficient notice of the false statements with which they are charged, so too do they fail to apprise Defendants of the nature of the conspiracy against civil rights charged in Count One.

With respect to Counts Two and Three, which are premised on Defendants causing Witnesses A and B to be untruthful, the Indictment contains two types of allegations: specific allegations of entirely lawful acts and conclusory allegations of wrongful conduct. For example, the Indictment contains specific allegations that Defendants interviewed Witnesses A and B on videotape and brought them to meet with the AUSA. Indictment at 3-4 (¶ 7). These are clearly not allegations of specific acts of wrongdoing by Defendants. The Indictment also alleges, however, that Defendants caused Witnesses A and B to alter their testimony and provide untruthful information about what they had seen during the Club U incident, without specifying the false statements Defendants allegedly caused Witnesses A and B to make. For the reasons discussed above, such conclusory allegations are wholly insufficient to give Defendants notice of the essential nature of any agreements to obstruct justice they purportedly entered.

The Indictment's defects in this regard are even more acute with respect to Count Four. Count Four is premised on the allegation that Defendants caused Witness C to alter her testimony and be untruthful about the Club U matter. Indictment at 10 (¶ 2). Yet the only allegations about Witness C in the Indictment are that Defendants brought her to meet with the AUSA and caused her to alter her testimony about Jerome Jones' conduct during the Club U incident. Id. at 5 (¶ 10). The Indictment contains no specific allegations about Witness C's original testimony, what aspects of Witness C's testimony Defendants attempted to alter, or how

any altered testimony was false. Nor does the Indictment contain any allegations from which it can be inferred that either Defendant approved of or agreed to the manipulation of Witness C's testimony. Such bare allegations plainly fail to apprise Defendants of the understanding they supposedly had regarding Witness C.

      Count Five charges Defendants with conspiring to obstruct justice by providing false information to, and withholding exculpatory evidence from, the AUSA about the Club U matter. As noted above, the Indictment fails to specify any affirmative, false representations made by Defendants themselves to the AUSA. And, while the Indictment does allege in conclusory fashion that Defendants failed to disclose exculpatory evidence to the AUSA, Indictment at 6 (¶ 11), the Indictment does not specify the evidence allegedly withheld. There are no allegations that Defendants withheld any forensic evidence or testimony from the AUSA. Indeed, the Indictment alleges that the AUSA conducted a detailed review of the investigative file, including the videotaped statements of Witnesses A and B, before deciding not to sign the draft arrest warrant charging Jerome Jones with murder one while armed. Id. at 3 (¶ 7). Thus, as with Counts Two, Three and Four, the Indictment provides insufficient notice to Defendants as to the nature of the wrongful agreement at issue in Count Five. Accordingly, Count Five should be dismissed.

IV.  CONCLUSION

        For the reasons set forth above, the Court should dismiss Counts One through Eight for failure to state the offenses with specificity.

                              Respectfully submitted,

                              _____
                              Reid H. Weingarten
                              Brian M. Heberlig
                              Steptoe & Johnson LLP
                              1330 Connecticut Avenue, N.W.
                              Washington, D.C.  20036-1795
                              (202) 429-3000

                              Counsel for Defendant Erick R. Brown


                              David Schertler
                              Danny Onorato
                              Schertler & Onorato, L.L.P.
                              601 Pennsylvania Avenue, N.W.
                              North Building - 9th Floor
                              Washington, D.C.  20004-2601
                              (202) 628-4199

                              Counsel for Milagros L. Morales


Dated:  April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 1:07-cr-00075-CKK |
| | ) | |
| ERICK R. BROWN, and | ) | |
| MILAGROS L. MORALES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Upon consideration of Defendants' Motion To Dismiss Counts One Through Eight Of The Indictment For Failure To Allege The Offenses With Specificity (Defendants' Pretrial Motion No. 1), the Government's Opposition, and Defendants' Reply thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED, and Counts One Through Eight are DISMISSED.

_____
Colleen Kollar-Kotelly
UNITED STATES DISTRICT JUDGE

copies to:

William F. Gould
Assistant United States Attorney
225 West Main Street
Charlottesville, VA   22902

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.   20036-1795

- 2 -

David Schertler
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C. 20004-2601

- 2 -