UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and MILAGROS L. MORALES, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO DISMISS COUNTS
TWO THROUGH FIVE FOR FAILURE TO ALLEGE
COGNIZABLE CONSPIRACIES TO VIOLATE 18 U.S.C. § 1512(c)(2)
(Defendants' Pretrial Motion No. 4)**

Defendants Erick R. Brown and Milagros L. Morales, through counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), to dismiss Counts Two through Five of the Indictment for failure to allege cognizable conspiracies to violate 18 U.S.C. § 1512(c)(2), because the criminal investigation into a local District of Columbia murder that Defendants allegedly conspired to obstruct does not constitute a federal "official proceeding" for purposes of Section 1512(c)(2).

Defendants respectfully request oral argument on this motion. A proposed Order is attached.

Respectfully submitted,

/s/ *signature*

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Counsel for Erick R. Brown

- 2 -

                                  David Schertler
                                  Danny Onorato
                                  Schertler & Onorato, L.L.P.
                                  601 Pennsylvania Avenue, N.W.
                                  North Building - 9th Floor
                                  Washington, D.C.  20004-2601
                                  (202) 628-4199

                                  Counsel for Milagros L. Morales

Dated:  April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and MILAGROS L. MORALES, | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNTS TWO THROUGH FIVE FOR FAILURE
TO ALLEGE COGNIZABLE CONSPIRACIES TO VIOLATE 18 U.S.C. § 1512(c)(2)
(Defendants' Pretrial Motion No. 4)

I.    INTRODUCTION

The Court should dismiss Counts Two, Three, Four and Five of the Indictment for failure to allege cognizable conspiracies to violate 18 U.S.C. § 1512(c)(2). Section 1512(c)(2) prohibits efforts to or obstruct, influence or impede "any official proceeding," defined in relevant part as "a proceeding before . . . a Federal grand jury." 18 U.S.C. § 1515(a)(1)(A). Counts Two, Three, Four and Five charge separate conspiracies to obstruct justice based on alleged efforts by Defendants Erick R. Brown and Milagros L. Morales ("Defendants"), two detectives in the District of Columbia's Metropolitan Police Department ("MPD"), to provide false information to, and cause witnesses to provide false information to, an Assistant United States Attorney in the United States Attorney's Office for the District of Columbia (the "AUSA") during an investigation into a local murder at a nightclub in the District of Columbia. Although the Indictment fails to allege the "official proceeding" at issue with specificity, it is apparent from the general allegations in the Introduction section of the Indictment that the underlying

investigation allegedly obstructed was a local District of Columbia murder investigation, and that any formal "proceeding" to be instituted as a result of this investigation was a D.C. Superior Court grand jury proceeding. A D.C. Superior Court grand jury investigating a local murder is not an "official proceeding" for purposes of 18 U.S.C. §§ 1512(c)(2) and 1515(a)(1)(A). Accordingly, the Court should dismiss Counts Two, Three, Four and Five for failure to allege cognizable conspiracies to violate 18 U.S.C. § 1512(c)(2).

## II.     THE INDICTMENT

The Indictment alleges that in the early morning hours of February 13, 2005, Terrance Brown was murdered at Club U, a nightclub located in the Reeves Center in the District of Columbia. Indictment at 1-2 (¶¶ 1-2). The Indictment further alleges that Mr. Brown was stabbed multiple times by Jerome Jones and another man wearing a black shirt. Id. (¶ 2).

Defendants are detectives with the Violent Crimes Branch's Homicide Unit of the Washington, D.C. MPD. Their official duties included investigating "murder cases where the homicide occurred within Washington, D.C." Id. at 2 (¶ 4). According to the Indictment, as a murder investigation progresses or an arrest is made, detectives present the case to the United States Attorney's Office for the District of Columbia for prosecution. Id.

The Indictment alleges that Defendants investigated the murder and conducted videotaped interviews of Witness A and Witness B, who both saw Terrance Brown attacked at Club U. Id. at 3-4 (¶ 7). Based in part on these interviews, Defendants allegedly drafted an arrest warrant charging Jerome Jones with "murder one while armed" -- a violation of local District of Columbia criminal law -- and presented it to the AUSA. Id. After reviewing the investigative file and the videotaped statements, the AUSA allegedly did not sign the warrant and asked to interview the two witnesses. Id. Defendants produced the witnesses but allegedly

encouraged both witnesses to alter their testimony when speaking with the AUSA in order to conform their testimony to the forensic evidence that had developed in the course of the investigation.  Id. at 4-5 (¶ 8).  The Indictment further alleges that Defendants caused another witness, Witness C, to alter her testimony about the Club U matter before being interviewed by the AUSA.  Id. at 5-6 (¶ 10).

Counts Two, Three and Four of the Indictment allege separate conspiracies to obstruct justice, in violation of 18 U.S.C. §§ 2, 371 and 1512(c)(2), based on Defendants' alleged efforts to conspire to cause Witnesses A, B and C to alter their testimony and be untruthful about the Club U matter.  Indictment at 8 (¶ 2) (Witness A); id. at 9 (¶ 2) (Witness B); id. at 10 (¶ 2) (Witness C).  Count Five alleges another conspiracy to obstruct justice, also in violation of 18 U.S.C. §§ 2, 371 and 1512(c)(2), based on Defendants' alleged efforts to provide false information to the AUSA to obtain an arrest warrant for Jerome Jones for murder one while armed, and to fail to provide exculpatory evidence to the AUSA regarding the Club U matter.  Indictment at 11 (¶ 2).  Neither the false statements nor the exculpatory evidence at issue are alleged with specificity in the Indictment.

Although the Indictment alleges that Defendants conspired to obstruct an "official proceeding," the Indictment does not allege that the AUSA was investigating any federal offense or anything other than the local homicide that took place at Club U in the District of Columbia.  From the allegations in the Indictment, it is obvious that the only "proceeding" pending or about to be pending at the time of the alleged obstruction is a D.C. Superior Court grand jury proceeding.  In fact, as the government should be able to confirm, Defendants understand that the grand jury investigation into the death of Terrance Brown took place before a D.C. Superior Court grand jury, which heard the testimony of Witnesses A, B and C.

- 3 -

### III.    ARGUMENT

Counts Two through Five fail to allege cognizable conspiracies to obstruct justice because the proceeding that Defendants allegedly conspired to obstruct, a D.C. Superior Court grand jury investigation of a local crime, is not an "official proceeding" as defined by 18 U.S.C. § 1515(a)(1).  Accordingly, the Court should dismiss Counts Two through Five for failure to allege cognizable conspiracies to obstruct justice.

Under 18 U.S.C. § 1512(c)(2), "[w]hoever corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so," is subject to imprisonment for up to 20 years.  18 U.S.C. § 1512 (c)(2).  The U.S. Code defines "official proceeding" for purposes of 18 U.S.C. § 1512 as either:

> (A) a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury;
>
> (B) a proceeding before the Congress;
>
> (C) a proceeding before a Federal Government agency which is authorized by law; or
>
> (D) a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce. . . .

18 U.S.C. 1515(a)(1).

"[W]itness tampering is actionable under 18 U.S.C. § 1512 only if it takes place 'in an official proceeding' which is defined in § 1515(a)(1) to include only federal proceedings." Deck v. Engineered Laminates, 349 F.3d 1253,1257 (10th Cir. 2003) (holding that tampering with a witness in a state judicial proceeding does not violate 18 U.S.C. § 1512).  In the absence

of a federal "official proceeding," a defendant cannot have obstructed justice in violation of 18 U.S.C. § 1512(c)(2).

It appears that no court has resolved the question of whether a local D.C. Superior Court grand jury is a "Federal grand jury" for purposes of 18 U.S.C. § 1515(a)(1). See United States v. Allen, 729 F. Supp. 120, 122 (D.D.C. 1989) (declining to resolve this question); United States v. Smith, 729 F. Supp. 1380, 1385 n.9 (D.D.C. 1990) (same). However, a court in this District has held that the D.C. Superior Court is not a "court of the United States" for purposes of Section 1515(a)(1). See Allen, 729 F. Supp. at 121. Defendants submit that a D.C. Superior Court grand jury proceeding is not a "federal grand jury" within the meaning of Section 1515(a)(1), but rather is akin to a state grand jury proceeding that clearly falls outside the scope of the statute. See United States v. Dunn, 434 F. Supp. 2d 1203, 1207 n.3 (M.D. Ala. 2006) (stating that local police investigation and state court proceedings were not "'official proceeding[s]'" under § 1515(a)(1) because an "'official proceeding' must, at a minimum, involve a federal entity.").

This interpretation of the statute is supported by United States v. Smith, 729 F. Supp. 1380 (D.D.C. 1990), a case in which an MPD officer was charged with obstruction of justice under 18 U.S.C. § 1503. The defendant was arrested following a "sting" operation by the Internal Affairs Department in which he seized cocaine from an undercover officer and failed to turn in all of the narcotics seized during the staged arrest. 729 F. Supp. at 1381-82. The district court dismissed the obstruction charge, in part, because the proceeding at issue was a local D.C. Superior Court matter. Id. at 1385-86. The court specifically rejected the government's hypothetical argument that the proceeding at issue was federal because a D.C. Superior Court grand jury is authorized by statute (D.C. Code Ann. § 11-1916(a)) to return an indictment in the

- 5 -

U.S. District Court. 729 F. Supp. at 1385 ("the theoretical possibility that a federal indictment could be brought does not seem sufficient."). Because the alleged offense and investigation that the defendant obstructed were local crimes subject to prosecution in D.C. Superior Court, the court dismissed the obstruction charge for lack of a federal nexus. Id. at 1385-86.[1]

In this case, the alleged conspiracies to obstruct justice have no federal connection and must be dismissed. The alleged conduct that forms the basis of the conspiracies to obstruct justice occurred during the course of an investigation of a local homicide that did not have any interstate or federal components. Defendants drafted an arrest warrant charging Jerome Jones with murder one while armed (Indictment ¶ 7), in violation of the applicable D.C. Code section, not any federal statute. This matter, which was being investigated by an AUSA, was brought before a grand jury of the D.C. Superior Court.[2] To our knowledge, the D.C. Superior Court grand jury was not asked to consider any federal charges in connection with the murder of Terrance Brown.

Due to the absence of any federal component in the investigation of the Club U murder or the proceedings of the D.C. Superior Court grand jury, there was no "official

---

[1] In Allen, the court did not need to reach the issue of whether a D.C. Superior Court grand jury was a "federal grand jury" for purposes of Section 1515(a)(1) because the defendant engaged in witness tampering with respect to a federal offense -- an offense for which the defendant was subsequently charged by a federal grand jury. 729 F. Supp. at 122. Specifically, the defendant threatened a witness who had knowledge that the defendant possessed an unregistered firearm in violation of federal law. Id. at 121. Therefore, the fact that the defendant was also being investigated by a D.C. Superior Court grand jury for a related offense was irrelevant.

[2] An Assistant United States Attorney led the murder investigation and the D.C. Superior Court grand jury proceeding due to the unique role of the United States Attorney for the District of Columbia as the prosecutor of most local, non-federal crimes. See D.C. Code Ann. § 23-101(c) (authorizing the United States Attorney for the District of Columbia to prosecute criminal matters in the District of Columbia). However, the involvement of an AUSA does not make the underlying proceeding federal in nature, and local crimes such as the homicide at issue are prosecuted by the U.S. Attorney's Office under D.C. law.

proceeding" as defined in 18 U.S.C. § 1515(a)(1). Accordingly, the alleged conspiracies to obstruct justice must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, this Court should dismiss Counts Two through Five of the Indictment for failure to allege cognizable conspiracies to violate 18 U.S.C. § 1512(c)(2).

Respectfully submitted,

_____
Reid H. Weingarten
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Counsel for Defendant Erick R. Brown


David Schertler
Danny Onorato
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C. 20004-2601
(202) 628-4199

Counsel for Milagros L. Morales

Dated: April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and MILAGROS L. MORALES, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Upon consideration of Defendants' Motion To Dismiss Counts Two Through Five For Failure To Allege Cognizable Conspiracies To Violate 18 U.S.C. § 1512(c)(2) (Defendants' Pretrial Motion No. 4), the Government's Opposition, and Defendants' Reply thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED, and Counts Two, Three, Four and Five are DISMISSED.

                                                        Colleen Kollar-Kotelly
                                                        UNITED STATES DISTRICT JUDGE

copies to:

William F. Gould
Assistant United States Attorney
225 West Main Street
Charlottesville, VA  22902

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

- 2 -

David Schertler
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601

Case 1:07-cr-00075-CKK    Document 13-2    Filed 04/11/2007    Page 2 of 2