UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 1:07-cr-00075-CKK |
| | ) |
| ERICK R. BROWN, and | ) |
| MILAGROS L. MORALES, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS COUNTS TWO THROUGH FIVE
OF THE INDICTMENT FOR UNCONSTITUTIONAL MULTIPLICITY
(Defendant's Pretrial Motion No. 5)**

Defendants Erick R. Brown and Milagros L. Morales ("Defendants"), through counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), to require the government to elect between Counts Two, Three, Four and Five of the Indictment, thereby dismissing three of those counts, because the conspiracies charged in those counts are multiplicitous, in violation of the Double Jeopardy Clause.

Defendants respectfully request oral argument on this motion. A proposed Order is attached.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Counsel for Erick R. Brown

- 2 -

        David Schertler
        Daniel Onorato
        Schertler & Onorato, LLP
        601 Pennsylvania Avenue, N.W.
        North Building - 9th Floor
        Washington, D.C.  20004-2601

        Counsel for Milagros L. Morales

Dated:  April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 1:07-cr-00075-CKK |
| | ) | |
| ERICK R. BROWN, and | ) | |
| MILAGROS L. MORALES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNTS TWO THROUGH FIVE
OF THE INDICTMENT FOR UNCONSTITUTIONAL MULTIPLICITY
<u>(Defendants' Pretrial Motion No. 5)</u>**

The Court should require the government to elect between Counts Two, Three, Four and Five of the Indictment because the conspiracies charged in those Counts are multiplicitous, in violation of the Double Jeopardy Clause. Despite evidencing a single alleged conspiratorial agreement, the Indictment arbitrarily attempts to divide that agreement into four separate conspiracies that are practically indistinguishable. Each of the four conspiracies charged in Counts Two through Five involve the same time period, location and co-conspirators and are based upon identical underlying goals and conduct. Accordingly, the Court should require the government to elect between Counts Two, Three, Four and Five of the Indictment, and dismiss the other three Counts.

**I.   THE INDICTMENT**

The Indictment charges Defendants Erick R. Brown and Milagros L. Morales ("Defendants") in Counts Two, Three, Four and Five with four separate conspiracies to obstruct

justice in violation of 18 U.S.C. §§ 2, 371 and 1512(c)(2). Defendants are detectives with the District of Columbia's Metropolitan Police Department, assigned to the Violent Crimes Branch's Homicide Unit. Indictment at 2 (¶ 3). The charges arise out of Defendants' conduct during their investigation into the murder of Terrance Brown on February 13, 2005 at Club U, a nightclub in the Reeves Center in the District of Columbia. Id. at 1-2 (¶¶ 102). The principal suspect in that investigation was Jerome Jones, who the Indictment alleges attacked Mr. Brown with a box cutter. Id. at 1-2 (¶ 2).

In the course of their investigation, Defendants took videotaped statements of Witness A and Witness B, who both saw Terrance Brown attacked at Club U. Id. at 3 (¶ 7). Based in part on these interviews, Defendants presented an arrest warrant for Jerome Jones to an Assistant United States Attorney in the U.S. Attorney's Office for the District of Columbia ("the AUSA"), which charged Mr. Jones with murder one while armed. Id. The Indictment alleges that, after reviewing the file and the videotaped witness statements, the AUSA did not sign the draft arrest warrant and requested to interview Witness A and Witness B. Id.

The Indictment alleges that Defendants thereafter caused Witness A and Witness B to alter their testimony and provide untruthful information to the AUSA. Id. at 4 (¶ 8). Although the Indictment is completely devoid of any specific allegations, it appears to charge Defendants with attempting to convince these witnesses to conform their testimony to medical forensic evidence suggesting that the murder weapon was not a box cutter. Id. The Indictment further alleges that Defendants caused another witness, Witness C, to alter her testimony about the Club U incident by attributing certain unspecified conduct to Jerome Jones that was not accurate. Id. at 5 (¶ 10). Finally, the Indictment alleges that Defendants themselves failed to disclose certain unspecified exculpatory evidence to the AUSA during the investigation. Id. at 6

(¶ 11). All of these allegations are set forth in the fifteen-paragraph Introduction section of the Indictment.

Counts Two, Three, Four and Five charge Defendants with separate conspiracies to obstruct justice, each in violation of 18 U.S.C. §§ 2, 371 and 1512(c)(2). Each of these counts incorporates by reference the entire Introduction section of the Indictment as the sole factual predicate for the charge. Indictment at 8 (¶ 1), 9 (¶ 1), 10 (¶ 1) & 11 (¶ 1). Each of the counts alleges that the conspiracy took place in February 2005 within the District of Columbia, that Defendants are the only co-conspirators, and that the purpose of the conspiracy was to provide false information to the AUSA about the Club U matter. Id. at 8 (¶ 2), 9 (¶ 2), 10 (¶ 2) & 11 (¶ 2). The only difference between the charged conspiracies is that Count Two involves Witness A, Count Three involves Witness B, Count Four involves Witness C, and Count Fives involves Defendants themselves. Id.

## II.   ARGUMENT

The arbitrary division in Counts Two through Five of the single conspiracy alleged in the Indictment into four separate violations of 18 U.S.C. § 371 violates the Double Jeopardy Clause and severely undermines Defendants' constitutional right to a fair trial. An indictment is multiplicitous, and thus defective, "if a single offense is alleged in a number of counts. . . ." United States v. Harris, 959 F.2d 246, 250 (D.C. Cir. 1992) (per curiam). A multiplicitous indictment violates the Double Jeopardy Clause by allowing multiple sentences to be imposed for a single offense, thereby "unfairly increasing a defendant's exposure to criminal sanctions." Id. Furthermore, such a defective indictment may substantially prejudice the defendant by "'falsely suggest[ing] to a jury that a defendant has committed not one but several crimes.'" United States v. Clarridge, 811 F. Supp. 697, 702 (D.D.C. 1992) (citation omitted)

- 3 -

("Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue.").

These inherent dangers are heightened where an Indictment charges multiple conspiracies under the same conspiracy statute because "'the Government can shape the overt acts charged . . . and thus, under the guise of prosecutorial discretion,'" arbitrarily subdivide a single conspiracy into several counts. United States v. Powell, 894 F.2d 895, 898 (7th Cir. 1990) (quoting United States v. Castro, 629 F.2d 456, 461 (7th Cir. 1980)); see also United States v. Bendis, 681 F.2d 561, 565 (9th Cir. 1981) (explaining how "artful crafting of conspiracy charges . . . could permit the government to subdivide one criminal conspiracy into multiple violations of a single statute"). Therefore, when "separate conspiracies are . . . founded upon a general conspiracy statute, the relevant inquiry is whether there existed more than one agreement to perform some illegal act or acts." United States v. Anderson, 872 F.2d 1508, 1520 (11th Cir. 1989) (citation and quotation marks omitted). As the United States Supreme Court has explained:

> Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies . . . .

Braverman v. United States, 317 U.S. 49, 53 (1942).

In order to guard against the arbitrary subdivision of a single alleged conspiratorial agreement into multiple conspiracy counts, courts have developed similar tests based upon the totality of the circumstances, which focus primarily upon "such factors as whether the conspiracies involve the same time period, alleged co-conspirators and places, [and] overt acts." Powell, 894 F.2d at 898 (citations and quotation marks omitted). "Where several of these factors are present, the conclusion follows that the alleged illegal combinations are not

- 4 -

separate and distinct offenses." Id. (citations and quotation marks omitted).  Finding overlap on each of these factors with respect to the two conspiracies charged, the Powell court held that there was but "a single conspiracy involving both cocaine and methamphetamine, and the indictment was multiplicitous." Id. at 899; see also United States v. Mann, 195 Fed. Appx. 430, 435 (6th Cir. 2006) (holding that an indictment was multiplicitous as to the second conspiracy charge where that alleged conspiracy "occurred in the same location as the first, and involved the same perpetrators and offenses"), cert. denied, 127 S. Ct. 1324 (2007); United States v. Smith, 424 F.3d 992, 1001-02 (9th Cir. 2005) (holding that three charged conspiracies should have been treated as a single conspiracy where the time periods, locations, participants and overt acts for each charged conspiracy substantially overlapped), cert denied, 126 S. Ct. 1770 (2006).

   Application of a totality of the circumstances test in this case demonstrates conclusively that the conspiracies charged in Counts Two through Five of the Indictment are unconstitutionally multiplicitous.  Those four alleged conspiracies are all based upon precisely the same time period ("in or about February 2005"), location ("within the District of Columbia"), co-conspirators ("Erick R. Brown and Milagros L. Morales"), and underlying statutes (18 U.S.C. §§ 2, 1512(c)(2)).  Indictment at 8 (¶ 2), 9 (¶ 2), 10 (¶ 2), and 11 (¶ 2).  Furthermore, each alleged conspiracy encompassed the same goal:  "to corruptly attempt to obstruct and influence an official proceeding" by providing or causing others to provide false information to the AUSA about the Club U matter.  Id.  The Indictment thus establishes on its face that there existed but one alleged conspiratorial agreement, and that "one agreement cannot be taken to be several agreements and hence several conspiracies. . . ."  Braverman, 317 U.S. at 53.  Therefore, Counts Two through Five of the Indictment are multiplicitous, and three of those four counts must be dismissed.

### III.  CONCLUSION

       For the foregoing reasons, the Court should require the government to elect between Counts Two, Three, Four and Five of the Indictment and dismiss three of those Counts because the conspiracies alleged in those Counts are multiplicitous.

                                    Respectfully submitted,

                                    /s/

                                  Reid H. Weingarten (D.C. Bar #365893)
                                  Brian M. Heberlig (D.C. Bar #455381)
                                  Steptoe & Johnson LLP
                                  1330 Connecticut Avenue, N.W.
                                  Washington, D.C.  20036-1795
                                  (202) 429-3000

                                  Counsel for Erick R. Brown


                                  David Schertler
                                  Daniel Onorato
                                  Schertler & Onorato, LLP
                                  601 Pennsylvania Avenue, N.W.
                                  North Building - 9th Floor
                                  Washington, D.C.  20004-2601

                                  Counsel for Milagros L. Morales


Dated:  April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 1:07-cr-00075-CKK |
| | ) | |
| ERICK R. BROWN, and | ) | |
| MILAGROS L. MORALES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Upon consideration of Defendants' Motion To Dismiss Counts Two through Five of the Indictment for Unconstitutional Multiplicity (Defendants' Pretrial Motion No. 5), the Government's Opposition and Defendants' Reply thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED.  The government shall be required to elect between Counts Two through Five, and three of those counts shall then be DISMISSED.

 

Colleen Kollar-Kotelly
UNITED STATES DISTRICT JUDGE

copies to:

William F. Gould
Assistant United States Attorney
U.S. Attorney's Office for the
Western District of Virginia
225 West Main Street
Charlottesville, VA  22902

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

- 2 -

David Schertler
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601

- 2 -