UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| v. | ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and<br>MILAGROS L. MORALES, | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR A BILL OF PARTICULARS**
(**Defendants' Pretrial Motion No. 6**)

Defendants Erick R. Brown and Milagros L. Morales ("Defendants"), through counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 7(f), for an Order directing the government to provide a bill of particulars setting forth the information specified below regarding the allegations of the Indictment.

The allegations of the current Indictment are insufficient to permit Defendants to prepare adequately for trial. On March 28, 2007, Defendants sought particulars from the government as to the specific "false statements and omissions" allegedly made or caused by Defendants. See Exhibit A (Letter from Brian M. Heberlig to AUSA William F. Gould, March 28, 2007). AUSA Gould has not responded to Defendants' request.

Defendants' specific requests are as follows:

1. Identify with specificity the "untruthful information" that Witness A and Witness B allegedly provided about what they had seen at Club U (p. 4, ¶ 8);

2. Identify with specificity the conduct that Witness A and Witness B attributed to Jerome Jones "that was not accurate and that was different than Witness A's and Witness B's video-taped statements . . . ." (p. 4, ¶ 8);

3. Identify with specificity the manner in which Witness B "was not truthful with the assigned AUSA" (p. 4, ¶ 8);

4. Identify with specificity the manner in which Witness A altered her description of what she had seen at Club U on February 13, 2005 (pp. 4-5, ¶ 8);

5. Identify with specificity how Witness B's video-taped statement "was different in three material respects from what Witness B told the assigned AUSA." (p. 5, ¶ 9);

6. Identify with specificity the manner in which Defendants allegedly caused Witness C to alter her testimony (p. 5, ¶ 10);

7. Identify with specificity the conduct that Witness C attributed to Jerome Jones that was allegedly not accurate (p. 5, ¶ 10);

8. Identify with specificity the "exculpatory evidence" that Defendants allegedly failed to disclose to the assigned AUSA (p. 6, ¶ 11);

9. Identify with specificity the manner in which Defendants encouraged Witness A, Witness B, and Witness C to make false statements to the assigned AUSA (p. 6, ¶ 11);

10. Count Two -- identify with specificity the testimony of Witness A that was allegedly untruthful (p. 8, ¶ 2);

11. Count Three -- identify with specificity the testimony of Witness B that was allegedly untruthful (p. 9, ¶ 2);

12. Count Four -- identify with specificity the testimony of Witness C that was allegedly untruthful (p. 10, ¶ 2);

13. Count Five -- identify with specificity (a) the "false information" allegedly provided by Defendants to the assigned AUSA, and (b) the "exculpatory evidence" that Defendants allegedly failed to provide to the assigned AUSA (p. 11, ¶ 2);

14. Count Six -- identify with specificity the "material and untruthful information about the Club U matter" that Defendants allegedly caused Witness A to provide (p. 12, ¶ 2);

15. Count Seven -- identify with specificity the "material and untruthful information about the Club U matter" that Defendants allegedly caused Witness B to provide (p. 13, ¶ 2); and

16. Count Eight -- identify with specificity the "material and untruthful information about their investigation of Club U matter" that Defendants allegedly provided to the assigned AUSA (p. 14, ¶ 2).

Defendants respectfully request oral argument on this motion. A proposed Order is attached.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Counsel for Erick R. Brown


David Schertler
Daniel Onorato
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601
(202) 628-4199

Counsel for Milagros L. Morales

Dated:  April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, )<br>)<br>v.  )<br>)<br>ERICK R. BROWN, and )<br>MILAGROS L. MORALES, )<br>)<br>Defendants. )<br> ) | Crim. No. 1:07-cr-00075-CKK |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
(Defendants' Pretrial Motion No. 6)

I.   INTRODUCTION

The allegations in the current Indictment are insufficient to permit Defendants to prepare adequately for trial.  Count One of the Indictment charges Defendants with conspiracy against the civil rights of Jerome Jones, Counts Two through Five of the Indictment charge Defendants with separate conspiracies to obstruct justice, and Counts Six through Eight of the Indictment charge Defendants with making or causing to be made materially false statements in a matter within the jurisdiction of the executive branch of the Government of the United States. The Indictment alleges that Defendants were detectives assigned to the Violent Crimes Branch's Homicide Unit of the Metropolitan Police Department in Washington, D.C., who investigated the murder of Terrance Brown, which occurred in a nightclub in the District of Columbia on February 13, 2005.  Indictment at 2-3 (¶¶ 3, 6-7).  The Indictment further alleges that, during the course of their investigation, Defendants located and took videotaped statements from two witnesses who saw Jerome Jones attack Terrance Brown with a weapon, and presented a draft

- 2 -

arrest warrant charging Mr. Jones with murder one while armed to an Assistant United States Attorney in the United States Attorney's Office for the District of Columbia (the "AUSA"). Id. at 3 (¶ 7). The Indictment further alleges that in response to the AUSA's inquiry into the facts of the investigation and her requests to speak to Witnesses A, B and C, Defendants "attempted to obstruct, influence, and impede, the investigation into the Club U matter by (a) failing to disclose exculpatory evidence to, and (b) encouraging Witness A, Witness B and Witness C to make false statements to, the assigned AUSA who had supervisory authority to determine what charge, or charges, would be brought against the target, or targets, of [Defendants'] investigation into the Club U matter. Id. at 6 (¶ 11).

Although the Indictment alleges multiple crimes based almost exclusively on allegations that Defendants made false statements or caused false statements to be made to the AUSA, the Indictment nowhere specifies the purportedly false statements at issue or how those statements are "false." The charging paragraphs of each Count in the Indictment are "bare bones" allegations that track the statutory language of the charged offenses but lack any specific factual allegations setting forth the bases for the charges. For example, the false statements charges allege merely that Defendants (a) "caused Witness A to provide material and untruthful information about the Club U matter," Indictment at 12 (¶ 2) (Count Six); (b) "caused Witness B to provide material and untruthful information about the Club U matter," id. at 13 (¶ 2) (Count Seven); and (c) themselves "provided material and untruthful information about their investigation of the Club U matter to the assigned AUSA." Id. at 14 (¶ 2) (Count Eight). The civil rights conspiracy alleged in Count One and the four separate conspiracies to obstruct justice alleged in Counts Two through Five are similarly bereft of any factual allegations.

Each of the Counts incorporates by reference the fifteen-paragraph Introduction section of the Indictment. Indictment at 7 (¶ 1), 8 (¶ 1), 9 (¶ 1), 10 (¶ 1), 11 (¶ 1), 12 (¶ 1), 13 (¶ 1) & 14 (¶ 1). However, the Introduction section also lacks any factual detail regarding the alleged false statements at issue. For instance, the Indictment alleges that Defendants "caused Witness A and Witness B to alter their testimony, and provide untruthful information, about what they had seen at Club U on February 13, 2005, such that Witness A and Witness B attributed conduct to Jerome Jones that was not accurate and that was different than Witness A's and Witness B's video-taped statements . . . ." Id. at 4 (¶ 8). Yet the Indictment nowhere specifies how Witness A and Witness B altered their testimony, what about their testimony was untruthful, and how that testimony differed from their videotaped statements.[1]

Similarly, the Indictment alleges that "Witness B's video-taped statement . . . was different in three material respects from what Witness B told the assigned AUSA." Id. at 5 (¶ 9). Yet the Indictment fails to allege any of these three purported material differences. The Indictment further alleges that Defendants "caused Witness C to alter Witness C's testimony about what she saw at Club U on February 13, 2005, such that she attributed conduct to Jerome Jones that was not accurate." Id. at 5 (¶ 10). Again, however, the Indictment fails to specify how Witness C altered her testimony or the inaccurate conduct that she purportedly attributed to Jerome Jones.

---

[1] The closest the Indictment comes to alleging any facts with specificity is the allegation that Witness A was told by Detective Morales that Defendants were attempting to get another witness, Witness B, "'away from saying box cutter and to get her to say knife-like object,'" purportedly because "a wound from a box cutter did not fit with the forensic evidence." Id. However, the Indictment nowhere alleges that Witness B in fact altered her testimony in this manner, or the precise alleged false statements that Witness B made.

The Indictment also alleges that Defendants themselves "fail[ed] to disclose exculpatory evidence" to the AUSA, id. at 6 (¶ 11), but nowhere specifies what purportedly exculpatory evidence was withheld from the AUSA. Finally, in the charging paragraphs of Count Five and Count Eight, but not in the Introduction, the Indictment alleges that Defendants themselves "provided false information to the assigned AUSA about the Club U investigation . . . ." Id. at 11 (¶ 2) (Count Five); see also id. at 14 (¶ 2) (Count Eight) (Defendants "provided material and untruthful information about their investigation of the Club U matter to the assigned AUSA."). Yet again, the Indictment nowhere specifies the particular false statements that Defendants allegedly made to the AUSA.

This vague, conclusory Indictment fails to apprise Defendants of the charges against them or prevent unfair surprise at trial. Defendants' concerns are by no means hypothetical, and the government cannot cure the deficiencies in the Indictment by claiming that it will "fill in the details" by providing discovery to Defendants. In addition to the fact that discovery cannot substitute for an adequate bill of particulars, as set forth below, it is far from clear that the discovery materials will fill in the missing details. For instance, the alleged false statements that Defendants purportedly caused Witness A and Witness B to make to the AUSA occurred at Witness A's meeting with the AUSA on February 16, 2005, and at Witness B's meeting with the AUSA on February 17, 2005. Indictment at 4 (¶ 7). However, the first production of discovery provided by the government to Defendants on April 9, 2007, does not contain any notes or memoranda summarizing these critical meetings from which Defendants could even attempt to glean the purported false statements at issue.

- 4 -

II.  ARGUMENT

  A.  **The Court Has Broad Discretion To Order A Bill of Particulars When The Indictment Fails To Allege Information Required To Prepare A Defense Or Avoid Unfair Surprise At Trial**

"'Under [Rule 7(f) of] the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided,' and the Court should grant such motions when 'necessary to prevent unfair surprise at trial.'"  United States v. Anderson, 441 F. Supp. 2d 15, 19 (D.D.C. 2006) (alteration in original) (quoting United States v. Espy, 989 F. Supp. 17, 34 (D.D.C. 1997), aff'd in part and rev'd in part, 145 F.3d 1369 (D.C. Cir. 1998)); see also United States v. Hsia, 24 F. Supp. 2d 14, 30 (D.D.C. 1998), rev'd in part, 176 F.3d 517 (D.C. Cir. 1999).  A bill of particulars is warranted when the requested information is necessary to allow a defendant to understand the charges against him, to prepare a defense, and to protect against retrial on the same charges.  United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  An accused is entitled to a bill of particulars "'as of right'" when necessary to serve these purposes "even though it requires 'the furnishing of information which in other circumstances would not be required because [it is] evidentiary in nature. . . .'"  United States v. Smith, 16 F.R.D. 372, 375 (W.D. Mo. 1954) (quoting United States v. U.S. Gypsum, 37 F. Supp. 398, 402 (D.D.C. 1941)).  Fed. R. Crim. P. 7(f) was amended in 1966 to discourage the "sporting theory of justice" by encouraging more liberality in granting bills.  United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971); see also Fed. R. Crim. P. 7(f) (Advisory Committee Note).

Courts have also recognized that "it is not a sufficient response to a motion for a bill of particulars to point to . . . a governmental open file [discovery] policy."  Anderson, 441 F. Supp. 2d at 19 (citing United States v. Trie, 21 F. Supp. 2d 7, 21 n.12 (D.D.C. 1998)); see also

Trie, 21 F. Supp. 2d at 21 n.12 (citing United States v. Bortnovsky, 820 F.2d 572, 575 (2d Cir. 1987) and United States v. Upton, 856 F. Supp. 727, 753 (1994), dismissed, 921 F. Supp. 100, (E.D.N.Y. 1995), aff'd, 78 F.3d 65 (2d Cir. 1996)).[2]  As the court stated in Trie:

> Not only does [such a] position presume that the defendant knows what the government alleges that he did and with whom he dealt and therefore has all the information he needs, a premise inconsistent with the presumption of innocence, but it smacks of gamesmanship.

21 F. Supp. 2d at 21.

Doubts as to whether a bill should issue should be resolved in favor of a defendant because "[s]ince [a] defendant is presumed innocent . . . it cannot be assumed that he knows the particulars sought . . . ." United States v. Tucker, 262 F. Supp. 305, 307 (S.D.N.Y. 1966); see also United States v. Rogers, 617 F. Supp. 1024, 1028 (D. Colo. 1985) (the defendant must "be given the benefit of the doubt in gray areas."). The prosecution's reluctance to reveal its case "must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense." United States v. Manetti, 323 F. Supp. 683, 696 (D. Del. 1971).

### B. The Indictment Fails To Allege Information Necessary To Prepare A Defense And Avoid Surprise At Trial

The Indictment omits information critical to the preparation of a defense and necessary to prevent prejudicial surprise at trial.  Accordingly, Defendants respectfully request

---

[2] See also United States v. DeGroote, 122 F.R.D. 131, 143 (W.D.N.Y. 1988) ("While the practice of voluntary discovery is to be encouraged . . . it may not substitute for straightforward identification in a bill of essential matters that the defendant needs to avoid surprise at trial, to interpose a plea of double jeopardy, and to know 'with sufficient particularity the nature of the charge against him.'") (citation omitted).

that the Court order the government to provide the information set forth below in a bill of particulars.[3]

Counts Two through Four of the Indictment allege that Defendants "attempted to cause, and did cause" Witnesses A, B and C, respectively, to "alter [their] testimony and be untruthful about the Club U matter" in violation of 18 U.S.C. §§ 2, 371 and 1512(c)(2). Indictment at 7-10. However, the Indictment fails to identify the "untruthful" statements Defendants caused the witnesses to make. Count Five of the Indictment alleges that the Defendants "provided false information to the assigned AUSA" and "failed to provide exculpatory evidence to the assigned AUSA" in violation of 18 U.S.C. §§ 2, 371 and 1512(c)(2), but fails to identify the false information Defendants allegedly provided or the exculpatory evidence Defendants allegedly failed to disclose. Indictment at 11. Similarly, Counts Six through Eight of the Indictment charge Defendants with making (Count Eight) and causing Witnesses A and B, respectively, to make (Counts Six and Seven) "materially false, fictitious, or fraudulent" statements in violation of 18 U.S.C. §§ 2 and 1001, without specifying the false statements Defendants allegedly made or caused Witnesses A or B to make. Indictment at 12-14. Despite the Defendants' request, the government has failed to identify the particular statements it contends are false or the exculpatory evidence the Defendants allegedly omitted. See Exhibit A.

---

[3] Defendants have also moved to dismiss Counts One through Eight of the Indictment on various grounds. It is well settled that a bill of particulars cannot save an otherwise defective indictment. See Russell v. United States, 369 U.S. 749, 770 (1962); United States v. Conlon, 628 F.2d 150, 156 (D.C. Cir. 1980); United States v. Nance, 533 F.2d 699, 701 (D.C. Cir. 1976) (per curiam). Thus, the Court need consider Defendants' motion for a bill of particulars only to the extent that the Court denies Defendants' motions to dismiss. However, even if the Court determines that the Indictment is sufficient, the Court has discretion to order a bill of particulars. See King v. United States, 402 F.2d 289, 292 (10th Cir. 1968); United States v. Faulkner, 53 F.R.D. 299, 300 (E.D. Wis. 1971); Smith, 16 F.R.D. at 374.

"A defendant faced with false statement charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against . . . when the government knows precisely the statements on which it intends to rely and can easily provide the information." Trie, 21 F. Supp. 2d at 21 (citing Rogers, 617 F. Supp. at 1029 (general allegations of false statements not sufficient); United States v. Clifford, 426 F. Supp. 696, 703 n.4 (E.D.N.Y. 1976) (in a § 1001 case, "'[t]he starting point for everything is the statement.'") (citation omitted)). In this case, where the Indictment alleges that Defendants "caused" others to make false statements in addition to making false statements themselves, it is even more crucial to the preparation of their defense that the government be required to specifically inform Defendants of the alleged false statements.

Given the critical importance of the specific statements in a false statements prosecution, courts in this District have consistently required that the government identify the false statements at issue in a bill of particulars. See Trie, 21 F. Supp. 2d at 21-22 ("The government must provide information as to exactly what the false statements are, what about them is false, who made them, and how [the defendant] caused them to be made."); Anderson, 441 F. Supp. 2d at 20 ("[Defendant] is entitled to know precisely which allegedly false statements the government relies on in each paragraph, the way in which the government alleges them to be false, and when approximately they were allegedly made."); United States v. Onassis, 125 F. Supp. 190, 213-14 (D.D.C. 1954) (court ordered government to "furnish particulars to the defendants of (a) the statements in the documents it will rely upon as false, (b) what financial details in the documents it will rely upon as false, (c) what facts omitted from the documents it will rely upon as concealed, and (d) the names of all persons and the dates of all transactions it will rely upon as involved in the conspiracy.").

In Anderson, the court held, "it is insufficient for the government to tell defense counsel 'the substance' of what the false statements are or to offer to make a particular witness available for interview prior to trial." 441 F. Supp. 2d at 19. Furthermore, the court declined to differentiate between the specificity required for allegedly false statements referenced in obstruction or fraud charges and false statements charged under 18 U.S.C § 1001, and instead stated:

> Each [relevant paragraph of the Indictment] accuses [the defendant] of making or "causing to be made" false and fraudulent statements. . . . But it does not say how many such statements were made; what they were; who made them; . . . how [the defendant] caused them to be made; and what he said or caused another to say . . . that was false (and how it was false). Without this information, the defendant cannot adequately prepare a defense for trial or evaluate a possible alternative disposition of this case.

441 F. Supp. 2d at 20.

The Indictment in this case similarly lacks any detail regarding the allegedly false statements and omissions upon which the government intends to rely for each charge. Consequently, the Court should require the government to specify all of the allegedly false statements or information upon which it intends to rely at trial, how each statement is false, and the individual that made or provided each statement, as well as the exculpatory evidence that Defendants failed to provide to the AUSA.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court direct the government to prepare a bill of particulars setting forth the information requested in the accompanying motion.

        Respectfully submitted,

        _____
        Reid H. Weingarten (D.C. Bar #365893)
        Brian M. Heberlig (D.C. Bar #455381)
        Steptoe & Johnson LLP
        1330 Connecticut Avenue, N.W.
        Washington, D.C.  20036-1795
        (202) 429-3000

        Counsel for Erick R. Brown


        David Schertler
        Daniel Onorato
        Schertler & Onorato, L.L.P.
        601 Pennsylvania Avenue, N.W.
        North Building - 9th Floor
        Washington, D.C.  20004-2601
        (202) 628-4199

        Counsel for Milagros L. Morales

Dated:  April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| **ERICK R. BROWN, and MILAGROS L. MORALES,** | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Upon consideration of Defendants' Motion For A Bill Of Particulars (Defendants' Pretrial Motion No. 6), the Government's Opposition, and Defendants' Reply thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED and the Government must specify the following alleged false statements and omissions made or caused by Defendants:

1. Identify with specificity the "untruthful information" that Witness A and Witness B allegedly provided about what they had seen at Club U (p. 4, ¶ 8);

2. Identify with specificity the conduct that Witness A and Witness B attributed to Jerome Jones "that was not accurate and that was different than Witness A's and Witness B's video-taped statements . . . ." (p. 4, ¶ 8);

3. Identify with specificity the manner in which Witness B "was not truthful with the assigned AUSA" (p. 4, ¶ 8);

4. Identify with specificity the manner in which Witness A altered her description of what she had seen at Club U on February 13, 2005 (pp. 4-5, ¶ 8);

5. Identify with specificity how Witness B's video-taped statement "was different in three material respects from what Witness B told the assigned AUSA." (p. 5, ¶ 9);

6. Identify with specificity the manner in which Defendants allegedly caused Witness C to alter her testimony (p. 5, ¶ 10);

7. Identify with specificity the conduct that Witness C attributed to Jerome Jones that was allegedly not accurate (p. 5, ¶ 10);

8. Identify with specificity the "exculpatory evidence" that Defendants allegedly failed to disclose to the assigned AUSA (p. 6, ¶ 11);

9. Identify with specificity the manner in which Defendants encouraged Witness A, Witness B, and Witness C to make false statements to the assigned AUSA (p. 6, ¶ 11);

10. Count Two -- identify with specificity the testimony of Witness A that was allegedly untruthful (p. 8, ¶ 2);

11. Count Three -- identify with specificity the testimony of Witness B that was allegedly untruthful (p. 9, ¶ 2);

12. Count Four -- identify with specificity the testimony of Witness C that was allegedly untruthful (p. 10, ¶ 2);

13. Count Five -- identify with specificity (a) the "false information" allegedly provided by Defendants to the assigned AUSA, and (b) the "exculpatory evidence" that Defendants allegedly failed to provide to the assigned AUSA (p. 11, ¶ 2);

14. Count Six -- identify with specificity the "material and untruthful information about the Club U matter" that Defendants allegedly caused Witness A to provide (p. 12, ¶ 2);

15. Count Seven -- identify with specificity the "material and untruthful information about the Club U matter" that Defendants allegedly caused Witness B to provide (p. 13, ¶ 2); and

16. Count Eight -- identify with specificity the "material and untruthful information about their investigation of Club U matter" that Defendants allegedly provided to the assigned AUSA (p. 14, ¶ 2).

SO ORDERED.

 
Colleen Kollar-Kotelly
UNITED STATES DISTRICT JUDGE

copies to:

- 3 -

William F. Gould
Assistant United States Attorney
U.S. Attorney's Office for the
Western District of Virginia
225 West Main Street
Charlottesville, VA  22902

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

David Schertler
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601