UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NUMBER: |
| | : | 1:2007-cr-00075-CKK |
| | : | |
| | : | |
| | : | The Honorable Colleen |
| v. | : | Kollar-Kotelly |
| | : | |
| ERICK R. BROWN, and | : | |
| MILAGROS L. MORALES, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**UNITED STATES'S REPLY TO DEFENDANTS' JOINT
RESPONSE TO MOTION TO REVIEW REPRESENTATION**

The United States, by and through its attorney, the United States Attorney for the Western District of Virginia, hereby replies to Defendants' Joint Response to the United States's Motion to Review Representation (hereinafter "Response") that was filed on April 23, 2007.

As an initial matter, the undersigned talked with Mr. John D. Aldock, Esquire, Milagros Morales's attorney who has been appointed and entered an appearance for this matter. Mr. Aldock and I discussed this prosecution generally and the matter addressed by defendants' Response in some detail.

Regarding defendants' legal analysis in their Response, the United States does not disagree significantly. As the government stated in its initial filing, the question of whether David Scherther's and Danny Onorato's conflict will result in a "negative effect upon" the

"defense (defined as 'an actual lapse in representation')," United States v. Shark, 51 F.3d 1072, 1076 (D.C. Cir. 1995), quoting Cuyler v. Sullivan, 446 U.S. 335, 349-350 (1990), is a difficult question. The government's disagreement is more in tone than substance. It seems prudent to warn both defendants that this unusual representation structure could blossom into a significant conflict that may greatly harm one or both of their interests.[1] Even if, as defendants argue, there will never be an actual conflict as defined by law, it seems appropriate to obtain a waiver after warnings from the Court that such a conflict could occur. The government continues to believe that part of the Court's inquiry is appropriately conducted ex parte with only the defendants and their counsel, including Mr. Aldock, present. Questions such as whether the defendants will testify and how certain issues will be handled if they do should be posed outside of the government's presence.

The government feels that the defendant's proposed inquiry regarding this issue is well thought out and appropriate. See Response at 16-18. The government does request that

---

[1] At the last hearing, the Court asked counsel to provide it with any cases that mirror the facts presented herein, i.e., cases where two defendants were jointly represented during the early stages of an investigation and then exercised their rights to trial with the conflicted counsel remaining as trial attorneys for one of the defendants. The government has found no such case.

such inquiry be conducted after the ex parte meeting of defendants and counsel with the Court and that the final warnings and waivers be in the presence of all parties.

                    Respectfully submitted,

                    JOHN L. BROWNLEE
                    United States Attorney

                    s/ William F. Gould
                    William F. Gould
                    Assistant United States Attorney
                    District of Columbia Bar # 428468
                    Virginia State Bar # 67002

## C E R T I F I C A T E

I certify that a true and correct copy of this government motion to inquire into the attorney status in this case has been filed through the Court's electronic filing system, which will send a copy to counsel for both defendants, **David Schertler** and **Danny Onorato** of Schertler & Onorato, L.L.P., and **John Aldock** of Goodwin Procter, for Milagros Morales, and **Reid Weingarten** and **Brian Heberlig** of Steptoe & Johnson, L.L.P., for Erick Brown, on this 30th day of April, 2007.

                    s/ William F. Gould
                    William F. Gould
                    Assistant United States Attorney