IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 1:07-CR-00075 (CKK) |
| ) | |
| ERICK R. BROWN and ) | |
| MILAGROS L. MORALES, ) | |
| Defendants. ) | |

**STATUS REPORT OF JOHN D. ALDOCK WITH RESPECT TO THE ISSUES RAISED BY THE UNITED STATES' MOTION TO REVIEW REPRESENTATION**

John D. Aldock, the undersigned, as specially appointed counsel for Defendant Milagros L. Morales, respectfully submits the following status report with respect to the issues raised by the United States' Motion to Review Representation (Doc. No. 9).

1. Defendants Erick R. Brown and Milagros L. Morales were indicted in this matter on eight criminal charges for allegedly encouraging witnesses in a criminal investigation to provide untruthful information to the Assistant United States Attorney.

2. Prior to the indictment, Attorneys David Schertler and Danny Onorato represented both Defendants.

3. Schertler and Onorato continue to represent Morales; Reid Weingarten and Brian Heberlig currently represent Brown.

4. On April 17, 2007, this Court appointed me to represent Defendant Morales with respect to the issues raised in the United States' Motion to Review Representation, and to represent her at a hearing with respect to those issues.

5. A hearing on the Motion was subsequently scheduled for May 21, 2007, at 3:00 p.m.

6. In its Motion to Review Representation, the Government asked the Court to review the propriety of David Schertler and Danny Onorato's representation of Defendant Morales and determine whether to disqualify Schertler and Onorato from representing either Defendant. The Government asserted that, because of Schertler and Onorato's prior representation of both Defendant Morales and Defendant Brown in connection with this matter, Schertler and Onorato's continued representation of Defendant Morales may result in a conflict of interest and negatively affect either Morales's or Brown's defense.

7. Pursuant to my appointment as counsel for Morales, I have investigated the alleged conflict of interest, interviewed Morales, and spoken to counsel for the Government, as well as co-counsel for Morales and counsel for Brown.

8. I have concluded that no actual conflict of interest exists at this time and the likelihood that a conflict will develop over the course of trial is, in my opinion, remote.

9. Based upon my interview with Morales, I have concluded that she understands the potential for a conflict of interest arising from her current attorneys' prior representation of both Defendants and knowingly and intelligently wishes to waive her right to new counsel.

10. Specifically, Morales understands the potential conflict if Brown were to testify to Morales's detriment, either as a witness for the Government or as a co-Defendant, or if Brown's defense were otherwise adverse to Morales. Morales also understands the potential conflict if she determines that it is in her interest to present a defense adverse to Brown. In both hypothetical instances, Morales's attorneys may be faced with a conflict between their duties to their former client and their duty to represent the interests of their current client.

11. I concur in the Government's suggestion of an *ex parte* conference in chambers, at which I can elaborate on the reasons for my opinion that no conflict currently exists or is likely to arise in this matter. If it is consistent with the Court's schedule, this conference might best take place either at the time of the May 21 hearing or immediately preceding that hearing, when all of the relevant participants will be present.

12. I also recommend that the Court follow the procedure suggested by defense counsel, and agreed to by the Government, *i.e.*, a *Curcio* inquiry made in open court to make a record of the waiver by Morales and Brown of the potential conflict of interest engendered by Morales's attorneys' prior representation of Co-Defendant Brown. I believe, and the Government concurs (*see* United States' Reply at 2-3), that defense counsel's suggested questions to be propounded to

both Morales and Brown (*see* Defs.' Resp. at 16-17), are appropriate and sufficient to protect the record in this matter.

> Respectfully submitted,
>
> ____/s/ John D. Aldock_____
> John D. Aldock
> Special Counsel for Defendant Milagros Morales
> D.C. Bar No. 035949
> Goodwin Procter LLP
> 901 New York Ave., N.W.
> Washington, D.C. 20001
> Tel.:  (202) 346-4000
> Fax:  (202) 346-4444

Dated: May 16, 2007

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 16, 2007, a copy of the foregoing status report has been duly served upon counsel of record by the manner indicated on the ECF Notice of Electronic Filing.

                                          /s/ John D. Aldock
                                          John D. Aldock