UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00075-CKK |
| ) | |
| ERICK R. BROWN, and ) | |
| MILAGROS L. MORALES, ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNTS TWO THROUGH FIVE OF THE
INDICTMENT FOR FAILURE TO ALLEGE AN ESSENTIAL ELEMENT
(Defendants' Pretrial Motion No. 3)**

The government's claim that Counts Two, Three, Four, and Five of the Indictment allege overt acts is without merit. The government concedes that the conspiracy statute at issue, 18 U.S.C. § 371, requires an overt act as an essential element. See United States's Omnibus Response To Defendants' Joint Pretrial Motions at 23 ("Opp'n"). Yet, nowhere does the government identify a single overt act in furtherance of Counts Two, Three, Four, and Five alleged in the Indictment, nor can it. Accordingly, the Court should dismiss Counts Two, Three, Four, and Five for failure to allege an essential element required by 18 U.S.C. § 371.

The government mischaracterizes Defendants' argument by contending that Defendants complain that the Indictment does not use the words "overt act." Opp'n at 23-24. The government concedes, as it must, that Counts Two through Five do not use the words "overt act." Id. at 24. While this is yet another flaw in the Indictment, Defendants' motion to dismiss is

based on the failure to charge any overt act in Counts Two, Three, Four, and Five as the conspiracy statute requires. See 18 U.S.C. § 371.

In its attempt to save the deficient conspiracy counts from dismissal, the government claims that Count Two somehow charges an overt act because it "sets forth the date and charge and concludes that the defendants 'among other things, attempted to cause and did cause, Witness A to alter Witness A's testimony and be untruthful about the Club U matter." Opp'n at 24. The government claims that Counts Three and Four charge a similar "act" related to Witness B and Witness C. Id. The government further claims that Count Five "charges specific acts undertaken by defendants in furtherance of the conspiracy charged therein," without explaining what those specific acts are. Opp'n at 24.

The Court can swiftly reject the government's claim that the charging language of the Counts somehow alleges overt acts in furtherance of the charged conspiracies. While the government claims that the counts "set forth the date," Counts Two through Five refer only to the time period "in or about February 2005," which is, at most, the scope of alleged conspiratorial agreement and not an allegation of any specific overt act. Indictment at 8 (¶ 2) (Count Two); id. at 9 (¶ 2) (Count Three); id. at 10 (¶ 2) (Count Four); id. at 11 (¶ 2) (Count Five). The rest of the charging language relied upon by the government clearly alleges the scope of the alleged conspiratorial agreements, not any overt acts.

Nor does the Indictment's incorporation of the fifteen-paragraph Introduction satisfy the overt act requirement. While the government alludes to the incorporation of the Introduction to the Indictment, it does not claim that these introductory paragraphs somehow allege an overt act for Counts Two through Five. See Opp'n at 22-24. To satisfy the overt act element, the act at issue must have been committed "in furtherance of the conspiracy." United

States v. Wynn, 61 F.3d 921, 929 (D.C. Cir. 1995).  The Introduction section contains numerous purely background allegations that clearly do not amount to overt acts.  The Indictment does not allege that any of the other introductory allegations were committed in furtherance of any of the charged conspiracies.  The government cites no case in which a court has held that the government may satisfy the overt act element of a conspiracy charge merely by incorporating introductory allegations in an Indictment, and Defendants are aware of none.

For the foregoing reasons, this Court should dismiss Counts Two, Three, Four, and Five of the Indictment for failure to allege an element of the charged offenses.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

Counsel for Erick R. Brown


David Schertler
Danny Onorato
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601
(202) 628-4199

Counsel for Milagros L. Morales

Dated:  May 23, 2007