## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――――――――

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **v.** ) | **Crim. No. 1:07-cr-00075-CKK** |
| ) | |
| **ERICK R. BROWN, and** ) | |
| **MILAGROS L. MORALES,** ) | |
| ) | |
| **Defendants.** ) | |

―――――――――――――――――――――――――)

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
### MOTION TO DISMISS COUNTS TWO THROUGH FIVE
### OF THE INDICTMENT FOR UNCONSTITUTIONAL MULTIPLICITY
### (<u>Defendants' Pretrial Motion No. 5</u>)

The Court should order the government to elect between Counts Two, Three, Four and Five of the Indictment because the multiplicitous conspiracies charged in those Counts violate the Double Jeopardy Clause. The government's arbitrary division of one alleged conspiratorial agreement into the four virtually indistinguishable conspiracies charged in those Counts -- all based upon the same time period, location, co-conspirators, underlying goals and conduct -- should not be condoned. Accordingly, the Court should require the government to elect between Counts Two, Three, Four and Five of the Indictment, and dismiss the remaining three Counts.

The government's opposition ignores the fact that Counts Two through Five charge conspiracies and disregards the well-established body of law developed to prevent multiplicitous conspiracy charges. Courts have long recognized that the dangers inherent in any multiplicitous indictment -- exposing a defendant to multiple punishments for a single offense and substantially prejudicing the jury with the false suggestion that more than one crime has been committed -- are significantly heightened where an indictment charges multiple

conspiracies.  See, e.g., United States v. Bendis, 681 F.2d 561, 565 (9th Cir. 1981) (explaining

how "artful crafting of conspiracy charges . . . could permit the government to subdivide one

criminal conspiracy into multiple violations of a single statute").  Indeed, it is precisely because

of these heightened dangers that courts have developed tests for multiplicity specific to multiple

conspiracy charges.  See, e.g., United States v. Smith, 424 F.3d 992, 1001-02 (9th Cir. 2005),

cert denied, 126 S. Ct. 1770 (2006).  Rather than inquiring whether the charges require proof of

different facts in the abstract, courts have instead focused on factors such as whether the

conspiracies involve the same time period, co-conspirators, locations and overt acts.  United

States v. Powell, 894 F.2d 895, 898 (7th Cir. 1990).  "Where several of these factors are present,

the conclusion follows that the alleged illegal combinations are not separate and distinct

offenses," and the charges are multiplicitous.  Id. (citations and quotation marks omitted).  That

is because it is the conspiratorial agreement itself, and not the object crimes of the conspiracy,

that Congress intended the general conspiracy statute to punish.  Braverman v. United States,

317 U.S. 49, 53 (1942) ("Whether the object of a single agreement is to commit one or many

crimes, it is in either case that agreement which constitutes the conspiracy which the statute

punishes.  The one agreement cannot be taken to be several agreements and hence several

conspiracies . . . .").

       Rather than argue that these tests governing multiplicity in the conspiracy context

do not apply or are satisfied by this Indictment, the government simply ignores the relevant body

of law and instead relies upon inapposite cases involving multiple counts of, inter alia, false

statements, "incident-based substantive underlying charges," and possession of drugs with intent

to distribute.  United States's Omnibus Response To Defendants Joint Pretrial Motions at 30-31

("Opp'n").  The government's opposition further characterizes the Defendants' conduct as

"caus[ing]" individuals to alter their statements or "providing false information" themselves, not conspiring to reach those goals. Id. at 30.[1] If Counts Two through Five charged any of the crimes to which the government's opposition broadly analogizes, these arguments might have merit. However, that is not the case.[2] Counts Two through Five of the Indictment each charge conspiracy, and the government cannot avoid tests developed specifically to judge multiplicity of conspiracy charges by merely re-characterizing the conspiracies as some other criminal conduct. Because application of those tests establishes that there existed but one alleged conspiratorial agreement, Counts Two through Five of the Indictment are multiplicitous and three of those four Counts must be dismissed.

For the foregoing reasons, the Court should require the government to elect between Counts Two, Three, Four and Five of the Indictment and dismiss three of those Counts because the conspiracies alleged in those Counts are multiplicitous.

Respectfully submitted,

_____

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Counsel for Erick R. Brown

---

[1] Remarkably, the word "conspiracy" does not appear in any form in the section of the government's omnibus opposition addressing this issue.

[2] The government's suggestion that election between Counts Two through Five might create a unanimity problem, Opp'n at 31, is similarly without merit. Even if election might create such a problem -- which it does not -- any potential harm could easily be cured with the standard jury instruction on unanimity or, if necessary, a special unanimity instruction if there is a "genuine risk of juror confusion or of conviction resulting from different jurors concluding the Defendants committed different acts." United States v. Sayan, 968 F.2d 55, 65 (D.C. Cir. 1992).

David Schertler
Daniel Onorato
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601

Counsel for Milagros L. Morales

Dated:  May 23, 2007