UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00075-CKK |
| ) | |
| ERICK R. BROWN, and ) | |
| MILAGROS L. MORALES, ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
(Defendants' Pretrial Motion No. 6)**

**I.   INTRODUCTION**

The Court should order the government to disclose in a bill of particulars the false statements and omissions allegedly made or caused by Defendants that form the centerpiece of the government's case. The government's claims that this information is ascertainable by Defendants in the "speaking Indictment" and the discovery provided by the government is untenable. Absent specification of the requested information in a bill of particulars, Defendants will be unable to prepare an adequate defense, avoid unfair surprise at trial or plead double jeopardy in the event of a subsequent prosecution on the same offenses.

**II.   DISCUSSION**

    **A.   The Court Should Order The Government To Specify The "Statements And Omissions" Allegedly Made Or Caused By Defendants**

In its opposition, the government contends that (1) "[a] bill of particulars is only required when an Indictment is so vague that it is impossible for a defendant to understand with what he is charged and to avoid unfair surprise at trial," and (2) the Indictment is sufficient

because it "is clear as to the elements of the charges and the dates of the offenses with the discovery providing the complete basis of the offenses charged." United States's Omnibus Response to Defendants' Joint Pretrial Motions ("Opp'n") at 32. In essence, the government effectively concedes that the Indictment is deficient in failing to specifically allege the false statements and omissions, but claims these deficiencies are cured by the discovery. The government, however, fails to acknowledge the well-established precedent in this District that requires the government to specify the false statements at issue in a false statements prosecution. See United States v. Anderson, 441 F. Supp. 2d 15, 20 (D.D.C. 2006); United States v. Trie, 21 F. Supp. 2d 7, 21-22 (D.D.C. 1998) (citing United States v. Rogers, 617 F. Supp. 1024, 1029 (D. Colo. 1985) (general allegations of false statements not sufficient)); United States v. Onassis, 125 F. Supp. 190, 213-14 (D.D.C. 1954). Thus, as set forth in greater detail below, the government cannot rely on the discovery to remedy the vague allegations in the Indictment and must specify the allegedly false statements, omissions and exculpatory evidence at issue in a bill of particulars.

       In a typical false statements or perjury case, the Indictment alleges that the defendant said "X," when in truth and in fact, "Y" was the case. This Indictment glaringly omits any such "truth clause" in the false statements charges or even specification of the alleged false statements. The government's refusal to provide this straightforward information in a bill of particulars amounts to tactical gamesmanship. Defendants are entitled to know what they must be prepared to meet at trial rather than being forced to speculate by comparing witness statements for inconsistent statements and guessing which discrepancies are purported "false statements" and which are simply innocuous discrepancies. The Court should order the government to disclose this basic information in a bill of particulars.

B.     **The Government Cannot Rely On Discovery Or Facts Alleged In Its Opposition To Avoid Providing A Bill of Particulars**

The government also contends that "the notice, or appraisal function attributable to a Bill of Particulars may be satisfied by the government's open file discovery policy" and cites law from the Fourth and Seventh Circuits in support of its proposition. Again, however, the government ignores law from this District that directly rebuts its position. See Anderson, 441 F. Supp. 2d at 19 ("it is not a sufficient response to a motion for a bill of particulars to point to . . . a governmental open file [discovery] policy") (citing Trie, 21 F. Supp. 2d at 21 n.12); Trie, 21 F. Supp. 2d at 21 ("government's position . . . inconsistent with presumption of innocence [and] it smacks of gamesmanship."). Thus, the government cannot avoid its obligation to provide Defendants adequate notice of the charges against them by pointing Defendants to the discovery and forcing them to surmise as to the specific nature of the allegations.

Even if the courts in this District had not already determined that an open file discovery policy does not relieve the government of its obligation to provide Defendants with a bill of particulars specifying the requested information, the discovery that the government has provided fails to adequately inform Defendants of the charges against them. The government states that "Defendants can literally match up what is set forth by the Court's Grand Jury in its Indictment with the actual transcripts of the witnesses involved." Opp'n at 33. However, "[a] defendant faced with false statement charges should not have to waste precious pre-trial time guessing which statements he has to defend against . . . when the government knows precisely the statements on which it intends to rely and can easily provide the information." Trie, 21 F. Supp. 2d at 21 (citation omitted). In addition, the transcripts to which the government refers provide no clarification of the allegedly false information Defendants themselves provided to the AUSA (Counts Five and Eight) or the exculpatory evidence Defendants allegedly failed to

disclose (Count Five).  Even the government's non-binding factual recitation in its opposition is utterly incoherent with respect to the purported false statements made and exculpatory evidence withheld by Defendants.  See Opp'n at 8-9.  Defendants should not be left to guess what statements the government contends are false, what exculpatory information Defendants allegedly failed to disclose, or any other essential facts that constitute the charges.

The government contends that its opposition to Defendants' motions cures the need for a bill of particulars, stating that "[a]s noted in the factual subsection of [its Omnibus Opposition], the government has provided significant detail regarding the actual statements upon which it will rely at trial to prove Counts Six, Seven and Eight."[1]  Opp'n at 33.  "The function of a bill of particulars is to enlarge an indictment so that the defendant may be more specifically informed of the nature of the charge against him.  It strictly limits the prosecution to proof within the area of the bill but it does not require disclosure of the evidence by which the government expects to prove its case."  United States v. Slaughter, 89 F. Supp. 205, 207 (D.D.C. 1950); see also Jackson v. United States, 359 F.2d 250, 263 (D.C. Cir. 1966) (variance between proof and bill of particulars grounds for reversal if defendant is prejudiced by variance).  The government's version of the facts as set forth in its pleading, however, does not limit the government's proof at trial.  Consequently, it does nothing to prevent unfair surprise at trial by proof of allegations not contained in the pleading or ensure that Defendants are tried on the charges as determined by the Grand Jury.  Indeed, the discovery provided by the government does not support the

---

[1] While Defendants appreciate the additional factual detail provided in the government's factual recitation, the government qualifies these new allegations at every turn, making statements such as "[t]his conduct, coupled with the facts set forth in the Indictment" and "[t]hese false statements in conjunction with defendants' conduct in tampering with witness B . . . ."  Opp'n at 6-8.

government's factual description of the charged offenses, which reads more like an advocacy piece or closing argument than a neutral charging document.  The government has declined to make these allegations in an Indictment or a bill of particulars, likely because many of these "allegations" are contradicted by other information produced in discovery or readily refutable by Defendants.  If the government believes otherwise, it should commit to these "facts" by alleging them in a bill of particulars rather than relying on a mere pleading unaccompanied by any citations to evidence or supporting declarations.

**III.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court direct the government to prepare a bill of particulars setting forth the information requested in Defendants' Motion For A Bill Of Particulars.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Counsel for Erick R. Brown

David Schertler
Daniel Onorato
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601
(202) 628-4199

Counsel for Milagros L. Morales

Dated:  May 23, 2007