## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**UNITED STATES OF AMERICA,**            )
                                                    )
     **v.**                                      )     **Crim. No. 1:07-cr-00075-CKK**
                                                    )
**ERICK R. BROWN, and**                    )
**MILAGROS L. MORALES,**                 )
                                                    )
            **Defendants.**              )
_____)

### DEFENDANTS' MOTION  TO COMPEL DISCOVERY AND
### DISCLOSURE OF EXCULPATORY INFORMATION

       Defendants Erick R. Brown and Milagros L. Morales ("Defendants"), through

counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 16, <u>Brady v.</u>

<u>Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), <u>United States v.</u>

<u>Bagley</u>, 473 U.S. 667 (1985), and their progeny, 18 U.S.C. § 3500 (1994) (Jencks Act), the Fifth

and Sixth Amendments to the United States Constitution, and the Court's inherent power to

supervise discovery in a criminal case, to enter an order requiring the government to provide

Defendants with discovery and exculpatory information encompassed by these authorities.

Specifically, the Court should compel the government to conduct a comprehensive search for and

produce to Defendants all discovery and exculpatory evidence in its possession in the form of

former Assistant United States Attorney ("AUSA") Jennifer Anderson's email communications

or other correspondence related to the investigation of Defendants' conduct in the Club U

investigation.

Defendants respectfully request oral argument on this motion.  A proposed Order is attached.

Respectfully submitted,

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Counsel for Erick R. Brown


David Schertler
Daniel Onorato
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601
(202) 628-4199

Counsel for Milagros L. Morales

Dated:  May 23, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        v.                              )        Crim. No. 1:07-cr-00075-CKK
                                        )
ERICK R. BROWN, and                     )
MILAGROS L. MORALES,                    )
                                        )
                Defendants.             )
_____)


MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION  TO COMPEL DISCOVERY
<u>AND DISCLOSURE OF EXCULPATORY INFORMATION</u>

I.     INTRODUCTION

        The government contends that it "has provided counsel for defendants with

virtually everything in its possession in this matter."  United States's Omnibus Response To

Defendants' Joint Pretrial Motions ("Opp'n") at 9.  While Defendants appreciate the discovery

produced to date, they respectfully request that the Court order the government to conduct a

comprehensive electronic search for email communications or other correspondence of former

AUSA Jennifer Anderson relating to the conduct of Defendants Brown and Morales.

        As the Court is aware, Jennifer Anderson is the former AUSA from whom

Defendants sought an arrest warrant for Jerome Jones for the murder of Terrance Brown.  It was

former AUSA Anderson who lodged the initial complaints of "witness tampering" against

Defendants and spearheaded the investigation into Defendants' conduct.  Ms. Anderson was

removed from the investigation at an early stage due to her status as a potential government

witness.  Indeed, former AUSA Anderson testified during the Jerome Jones trial regarding what

she perceived as Defendants' improper conduct during the Club U murder investigation and is

expected to be a central government witness in this case. Thus, from the earliest stages of the investigation, former AUSA Anderson ceased acting as a prosecutor and became a witness whose statements regarding this case should have been preserved.

Following former AUSA Anderson's allegations, the D.C. USAO conducted a lengthy investigation of Defendants' activities during the investigation, and ultimately recused itself (only after apparently initially deciding not to prosecute Defendants). It is highly likely that former AUSA Anderson corresponded with various agents of the District of Columbia and federal government during the investigation of Defendants' conduct and the subsequent decision to decline prosecution and recuse the D.C. USAO. These documents are material to the preparation of the defense. Former AUSA Anderson and the government had an obvious duty to retain those emails pursuant to Rule 16 and Brady. See United States v. Safavian, 233 F.R.D. 12, 15 (D.D.C. 2005) ("In the course of their investigation, and in collecting and reviewing evidence, the prosecutors must ensure that any information relevant to this case that comes into the possession, control, or custody of the Justice Department remains available for Disclosure.") (citing United States v. Marshall, 132 F.3d 63, 69 (D.C. Cir. 1998)).

On April 20, 2007, counsel for Defendant Brown requested any email communications by AUSA Anderson to anyone regarding the conduct of Detectives Brown and Morales. See Exhibit A (Letter from Brian M. Heberlig to AUSA William F. Gould, April 23, 2007). The government represented that it would attempt to locate any such emails in paper or electronic format. In a subsequent conversation, the government represented that it has been unable to locate any such emails, but had not exhausted its search. The government also expressed doubt as to whether it would be able to locate any such emails. Defendants are

- 2 -

unaware of what methods the government used to verify that no such email correspondence exists.

## II.     ARGUMENT

Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure requires the government to provide the defendant with documents or other tangible objects within its custody or control that are "material to the preparation of the defendant's defense."  As this Court has recognized, "[t]he language and spirit of the Rule are designed to provide to a criminal defendant, in the interest of fairness, the widest possible opportunity to inspect and receive such material in the possession of the government as may aid him in presenting his side of the case."  United States v. Poindexter, 727 F. Supp. 1470, 1473 (D.D.C. 1989).  The fact that government prosecutors may have provided the defendant with substantial pre-trial discovery does not eliminate the Court's responsibility to require the production of additional material subject to Rule 16.  The "cooperative attitude" of government prosecutors, therefore, "would not justify the denial of defense requests that are otherwise justified."  United States v. Madeoy, 652 F. Supp. 371, 375 (D.D.C. 1987).

For purposes of Brady, "[t]he only question before (and even during) trial is whether the evidence at issue may be 'favorable to the accused'; if so, it must be disclosed without regard to whether the failure to disclose it likely would affect the outcome of the upcoming trial."  Safavian, 233 F.R.D. at 16 (quoting United States v. Sudikoff, 26 F. Supp. 2d 1196, 1198-99 (C.D. Cal. 1999)) (citations omitted).  "The meaning of the term 'favorable' under Brady . . . is any information in the possession of the government -- broadly defined to include all Executive Branch agencies -- that relates to guilt or punishment and that tends to help

the defense by either bolstering the defense case or impeaching potential prosecution witnesses."
Id.

       In Safavian, the court ordered the government to produce emails and
correspondence between GSA officials and other relevant parties that were material to the
preparation of the defense.  233 F.R.D. at 18-19.  The court held that it was insufficient for the
government to merely inquire of GSA employees whether they had retained any relevant emails
because "[t]he GSA itself obviously has other more comprehensive means of searching for the e-
mail correspondence, and other documents that are more likely to uncover all of the documents
requested."  Id. at 19.  The court also noted that the government's obligation to search for the
relevant emails was not alleviated by the GSA's representation that emails are deleted after 60
days pursuant to its email retention policy without clarifying whether "the 60 day retention
policy applies to the GSA's mail server or whether the e-mails in question may exist in back-up
storage devices or media."  Id. at 19 n.5.  Instead, the court ordered the Department of Justice to
make a "formal request in, in writing -- to demand that the GSA conduct a thorough search for
and produce to the Justice Department all e-mail -- including archived e-mails on hard drives" to
allow the prosecutors to determine whether they were obligated to disclose the documents under
Rule 16 or Brady.  Id.

       Defendants request that the Court order the government to conduct a similar
search for emails highly material to their defense.  It is not enough for the government to merely
inquire whether any current or former agents of the D.C. USAO are in possession of any of
Jennifer Anderson's emails or other correspondence that Defendants seek, or to assume that no
such emails exist simply because the email retention policies of Executive Branch agencies may
dictate that they are deleted from the main server after a given period of time.  The government

is obligated to conduct a comprehensive search of the USAO computer system, as well as the computer system in the D.C. Metropolitan Police office and any other Executive Branch agency that former AUSA Anderson corresponded with concerning Defendants' conduct, for any existing emails, whether in paper format, or archived on hard drives or back-up servers.  Thus, Defendants request that the Court order the government to conduct such a comprehensive search and either produce any resulting relevant documents or provide Defendants with a report from a government computer technician indicating the search efforts undertaken.

If the government is ultimately unable to locate any of former AUSA Anderson's email communications or other correspondence regarding Defendants, Defendants reserve the right to seek the appropriate remedy for the failure to preserve this important evidence.

## III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court direct the government to conduct a comprehensive electronic search for and produce any email communications or other correspondence of AUSA Anderson regarding the conduct of Detectives Brown and Morales, as well as a written report detailing the search efforts undertaken.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Counsel for Erick R. Brown

- 5 -

David Schertler
Daniel Onorato
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601
(202) 628-4199

Counsel for Milagros L. Morales

Dated:  May 23, 2007

# EXHIBIT A

STEPTOE & JOHNSON LLP

ATTORNEYS AT LAW

Brian M. Heberlig                                          1330 Connecticut Avenue, NW
202.429.8134                                               Washington, DC  20036-1795
bheberlig@steptoe.com                                              Tel 202.429.3000
                                                                   Fax 202.429.3902
                                                                        steptoe.com

April 23, 2007

<u>By Electronic Mail</u>

William F. Gould, Esq.
Assistant United States Attorney
U.S. Attorney's Office for the
Western District of Virginia
225 West Main Street
Charlottesville, VA  22902

       Re:    <u>United States v. Erick R. Brown and Milagros L. Morales</u>, Crim. No. 1:07-cr-75 (CKK)
               <u>Defendants' Second Request for Discovery and *Brady* Material</u>

Dear Mr. Gould:

      This letter memorializes our conversation on April 20, 2007, in which I made several additional discovery requests on behalf of Defendants Erick Brown and Milagros Morales ("Defendants").

    1.     I requested any additional notes memorializing the February 16, 2005 and February 17, 2005 interviews of Candace Layne and/or Lyvonne Lawson with AUSA Jennifer Anderson and others.  You agreed to attempt to determine whether any such notes exist and produce them if available.  However, you indicated that you are unaware of any additional notes that are not in the current set of discovery materials.

    2.     I asked that we be provided information as to the author of each set of handwritten notes in the discovery materials.  I also indicated that we might need to obtain more legible copies of certain sets of notes in the materials.  You agreed that we could meet in the future with MPD official Keith Hoffman to determine the author of each set of notes.  You also agreed to provide legible copies of notes as necessary.

    3.     I asked whether there were any additional notes or memoranda memorializing the interviews of Detectives Brown and Morales.  You indicated that you believe the two sets of notes in the discovery materials are the only records memorializing the interviews of Detectives Brown and Morales with the U.S. Attorney's Office.  However, you agreed to determine if any other notes or memoranda exist.

WASHINGTON  •  NEW YORK  •  PHOENIX  •  LOS ANGELES  •  LONDON  •  BRUSSELS

William F. Gould, Esq.
April 23, 2007
Page 2

4.    I requested copies of all Internal Affairs Department ("IAD") interviews relating to the case against Defendants. I specifically mentioned that we have one transcribed interview of Lieutenant Farr, and requested all other transcribed interviews. You indicated that you are not aware of any IAD interview notes, memoranda or transcripts relating to Defendants that are not in the discovery materials. However, you agreed to determine whether any additional interview materials exist and produce them if available.

5.    I requested a copy of the initial "case jacket" that Detective Morales presented to AUSA Anderson with the draft arrest warrant charging Jerome Jones with murder one. You indicated that the initial "case jacket" as presented to AUSA Anderson may no longer be intact. However, you indicated that you would determine whether it still exists, and if not, whether it could be reconstructed from other materials.

6.    I requested a copy of the twelve pages of notes that Detective Morales took during her initial investigation of the Terrance Brown murder, as referenced in a chronology at Bates # 2775 in the discovery materials. You indicated that you would attempt to locate the notes and provide them to us. You also indicated that they might already be in the discovery and that you may be able to point us to them.

7.    I requested any email communications by AUSA Anderson to anyone regarding the conduct of Detectives Brown and Morales. You indicated that you suspect that any emails by AUSA Anderson would have been purged from the government's email system and no longer available. However, you indicated that you would attempt to determine whether any such emails still exist, either in paper or electronic form. Please let us know as soon as possible whether such email exists and, if so, whether you will produce it.

Thank you for your cooperation in this matter. Please let me know if my understanding of our discussion is incorrect. We look forward to hearing from you.

Sincerely,

Reid H. Weingarten
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

*Counsel for Erick R. Brown*

William F. Gould, Esq.
April 23, 2007
Page 3

David Schertler, Esq.
Danny Onorato, Esq.
Shertler & Onorato, L.L.P.
601 Pennsylvania Avenue NW
North Building - 9th Floor
Washington, DC  20004-2601
(202) 628-4199

*Counsel for Milagros L. Morales*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**UNITED STATES OF AMERICA,**          )
                                                    )
    **v.**                             )    **Crim. No. 1:07-cr-00075-CKK**
                                                    )
**ERICK R. BROWN, and**                  )
**MILAGROS L. MORALES,**             )
                                                    )
            **Defendants.**      )
_____)


**ORDER**

      Upon consideration of Defendants' Motion To Compel Discovery And

Disclosure Of Exculpatory Information, the Government's Opposition, and Defendants' Reply

thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED and the Government

must conduct a comprehensive electronic search for and produce any email communications or

other correspondence of AUSA Anderson regarding the conduct of Detectives Brown and

Morales, as well as a written report detailing the search efforts undertaken.

      SO ORDERED.


                                      _____
                                        Colleen Kollar-Kotelly
                                        UNITED STATES DISTRICT JUDGE

copies to:

William F. Gould
Assistant United States Attorney
U.S. Attorney's Office for the
Western District of Virginia
225 West Main Street
Charlottesville, VA  22902

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

David Schertler
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601