UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NUMBER: |
| | : | 1:2007-cr-00075-CKK |
| | : | |
| | : | |
| | : | The Honorable Colleen |
| v. | : | Kollar-Kotelly |
| | : | |
| ERICK R. BROWN, and | : | Trial dates:  August 20 through |
| MILAGROS L. MORALES, | : | 31, 2007. |
| | : | |
| Defendants. | : | |
| | : | |

## BILL OF PARTICULARS

During the Court's June 26, 2007, status hearing in this matter the Court asked that the government respond in a Bill of Particulars to defendants' April 11, 2007, Motion for a Bill of Particulars (defendants' pretrial motion number 6, document 15 of this case).  What follows is that response.  As the Court suggested, this Bill of Particulars tracks the numbering system set forth in defendants' motion and cites to relevant documents that have been provided to counsel in the discovery materials.

1.  Defendants caused Witness A to describe the assailant in the black shirt (see paragraph 2 of the Indictment) as punching with both of his hands, not as doing a stabbing motion with one hand and holding Terrance Brown's back with the other.  See Government's Omnibus Response at 5-6; Witness A's February 13, 2005, Interview Tr. at 2-5; Witness A's March 4, 2005, Tr. at 9-10, 14-18; and KH February 7, 2007, Tr. at 11-12, 25.  This "fact"

was acted by Witness A, as well as described. Defendants caused Witness B to tell the assigned AUSA three things that were not truthful: first, that Jerome Jones had a sharp, silver, or shiny object, not a box cutter; second, that only one person was attacking Terrance Brown, and third, that Jerome Jones stabbed Brown rather than slashed him. Government's Omnibus Response at 6-7; Witness B's February 14, 2005, Interview Tr. at 4-5; Witness B's March 8, 2005, Tr. at 7-10, 16-17; KH February 7, 2007, Tr. at 12-16, 27-28; Assigned AUSA's February 18, 2005, Memorandum at 4-5. This third "fact" was acted by Witness B, as well as described.

    2. Note paragraph 1, above.

    3. Note paragraph 1, above.

    4. Note paragraph 1, above.

    5. Note paragraph 1, above.

    6. Defendants caused Witness C to change her description of the weapon used by Jerome Jones from a box cutter to a sharp, silver, or shiny object. They caused Witness C to omit Witness C's accurate description of the box cutter from Witness C's description. Government's Omnibus Response at 7-8; KH February 7, 2007, Tr. at 34-35; Assigned AUSA's February 18, 2005, Memorandum at 5.

    7. Note paragraph 6, above.

    8. Defendants failed to tell the assigned AUSA and Metropolitan Police Department officers (hereinafter "MPD officers") that defendants were tampering with the witnesses in the case. In addition, they argued that the warrant for murder one while armed against

Jerome Jones should be signed based on facts that defendants knew to be false. These false facts are the facts set forth above that were reported to the assigned AUSA and MPD officers by Witness A, Witness B, and Witness C. <u>See</u> Paragraphs 1 and 6, above.

     9. Defendants used their power and authority as MPD officers under color of law to convince the witnesses to change, and omit, the facts described above when these witnesses met with the assigned AUSA and MPD officers. <u>See</u> Paragraphs 1 and 6, above.

     10. Moot because of Court's July 9, 2007, Order.

     11. Moot because of Court's July 9, 2007, Order.

     12. Moot because of Court's July 9, 2007, Order.

     13. Moot because of Court's July 9, 2007, Order.

     14. Note paragraph 1, above.

     15. Note paragraph 1, above.

     16. Note paragraph 8, above.

WHEREFORE, the government offers this Bill of Particulars related to the grand jury's Indictment.

Respectfully submitted,

JOHN L. BROWNLEE
United States Attorney


s/ William F. Gould_____
William F. Gould
Assistant United States Attorney
District of Columbia Bar # 428468
Virginia State Bar # 67002

## C E R T I F I C A T E

I certify that a true and correct copy of this Bill of Particulars in this case has been filed through the Court's electronic filing system, which will send a copy to counsel for both defendants, David Schertler and Danny Onorato of Schertler & Onorato, L.L.P., for Milagros Morales, and Reid Weingarten and Brian Heberlig of Steptoe & Johnson, L.L.P., for Erick Brown, on this 10th day of July, 2007.

s/ William F. Gould_____<br>
William F. Gould<br>
Assistant United States Attorney