UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and<br>MILAGROS L. MORALES, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO DISMISS COUNTS SIX AND NINE OF THE
SUPERSEDING INDICTMENT FOR UNCONSTITUTIONAL MULTIPLICITY**

Defendants Erick R. Brown and Milagros L. Morales ("Defendants"), through counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), to dismiss Count Six and Count Nine because those counts are multiplicitous of other counts in the Superseding Indictment, in violation of the Double Jeopardy Clause. The majority of the Counts in the Superseding Indictment allege that Defendants obstructed justice or caused false statements to be made by causing Witnesses A, B and C to alter their testimony to provide untruthful information to an Assistant United States Attorney ("AUSA"). Counts Six and Nine purport to allege that Defendants themselves obstructed justice or made false statements to the AUSA. However, those Counts are based solely on allegations that Defendants merely conveyed to the AUSA the allegedly false testimony procured from Witnesses A, B and C in the course of seeking approval of an arrest warrant. As such, Counts Six and Nine are multiplicitous of other Counts in the Superseding Indictment and should be dismissed.

- 2 -

Defendants respectfully request oral argument on this motion.  A proposed Order is attached.

                        Respectfully submitted,

                        Reid H. Weingarten (D.C. Bar #365893)
                        Brian M. Heberlig (D.C. Bar #455381)
                        Robert A. Ayers (D.C. Bar #488284)
                        Steptoe & Johnson LLP
                        1330 Connecticut Avenue, N.W.
                        Washington, D.C.  20036-1795
                        (202) 429-3000

                        Counsel for Erick R. Brown


                        David Schertler
                        Danny Onorato
                        Schertler & Onorato, LLP
                        601 Pennsylvania Avenue, N.W.
                        North Building - 9th Floor
                        Washington, D.C.  20004-2601

                        Counsel for Milagros L. Morales

Dated:  July 25, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and MILAGROS L. MORALES, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNTS SIX AND NINE OF THE
SUPERSEDING INDICTMENT FOR UNCONSTITUTIONAL MULTIPLICITY**

The Court should dismiss Count Six and Count Nine of the Superseding Indictment because those counts are multiplicitous of other Counts in the Superseding Indictment, in violation of the Double Jeopardy Clause. The Superseding Indictment alleges that Defendants Erick R. Brown and Milagros L. Morales ("Defendants") caused three witnesses to provide untruthful information to the assigned Assistant United States Attorney (the "assigned AUSA"). In addition to separate counts charging Defendants with obstructing justice and causing false statements to be made based on each such witness, however, the Superseding Indictment unfairly prejudices Defendants and unconstitutionally increases their exposure to criminal sanctions by charging Defendants with additional counts of obstruction of justice and providing false statements based upon allegedly conveying those very same statements to the assigned AUSA in the course of seeking the approval of an arrest warrant. Accordingly, the Court should dismiss Count Six and Count Nine of the Superseding Indictment.

I.   **THE SUPERSEDING INDICTMENT**

The Superseding Indictment[1] charges Defendants with five new Counts. Count Two charges a conspiracy to obstruct justice, in violation of D.C. Code §§ 22-722(a)(6) and 22-1805, based upon the same allegations set forth in the original indictment (although with less detail), namely that Defendants caused Witnesses A, B and C to provide false statements about the Club U matter to the assigned AUSA. Count Two also includes as overt acts the allegations that Defendants failed to tell anyone at the U.S. Attorney's Office ("USAO") or Metropolitan Police Department ("MPD") that they had allegedly caused these witnesses to make these false statements, and argued that the assigned AUSA should approve the arrest warrant for Jerome Jones based on these alleged false statements. Superseding Indictment at 8-9. Count Three through Five charge Defendants with separate obstruction of justice charges, in violation of D.C. Code §§ 22-722(a)(6) and 22-1805, based on allegedly causing Witnesses A (Count Three), B (Count Four), and C (Count Five) to provide the untruthful information to the assigned AUSA that is alleged in Count Two. Id. at 10-12.

Count Six alleges another obstruction of justice charge, in violation of D.C. Code §§ 22-722(a)(6) and 22-1805, based on the allegations that (1) Defendants failed to tell anyone at the USAO or the MPD that they had caused Witnesses A, B and C to make the allegedly false statements charged as separate crimes in Counts Three through Five, and (2) argued that the assigned AUSA should approve the arrest warrant of Jerome Jones based on the allegedly false statements that Defendants caused Witnesses A, B and C to make that are charged as separate crimes in Counts Three through Five. Id. at 13.

---

[1] In a Memorandum Opinion issued on July 9, 2007, the Court dismissed four of the eight counts in the original Indictment. On July 19, 2007, Defendants were served with a nine-count Superseding Indictment.

Counts Seven and Eight of the Superseding Indictment (formerly Counts Six and Seven) charge Defendants with causing Witnesses A and B, respectively, to make false statements to the assigned AUSA about the Club U matter. Id. at 14-15. Count Nine of the Superseding Indictment (formerly Count Eight of the original Indictment) charges Defendants themselves with making false statements to the assigned AUSA. Id. at 16.

The Court ordered the government to specify the false statements at issue in these Counts in a bill of particulars. With respect to Count Seven, relating to Witness A, the government alleges that Defendants "caused Witness A to describe the assailant in the black shirt . . . as punching with both of his hands, not doing a stabbing motion with one hand and holding Terrance Brown's back with the other." Bill of Particulars at 1. With respect to Count Eight, relating to Witness B, the government alleges that Defendants "caused Witness B to tell the assigned AUSA three things that were not truthful: first, that Jerome Jones had a sharp, silver, or shiny object, not a box cutter; second, that only one person was attacking Terrance Brown, and third, that Jerome Jones stabbed Brown rather than slashed him." Id. at 2. At the July 16, 2007 status conference, the Court ordered the government to supplement its bill of particulars with respect to the statements at issue in then-Count Eight, which is now alleged as Count Nine of the Superseding Indictment.

In its Supplemental Bill of Particulars, the government has now made clear that the false statements that Defendants allegedly made to the assigned AUSA are identical to those charged in Counts Seven and Eight. Specifically, the government alleges:

> Regarding the charge set forth in Count Nine of the Superseding Indictment, Defendants provided the following material and untruthful information about their investigation of the Club U matter to the assigned AUSA: (A) Suspect A was punching Terrance Brown with both hands; (B) the weapon that Jerome Jones used to attack Terrance Brown was a knife-like object, not a

- 3 -

>box cutter; (C) Jerome Jones was stabbing Terrance Brown, rather than slashing him; and (D) only one person, Jerome Jones, was attacking Terrance Brown.

Supplemental Bill of Particulars at 1.

## II.   ARGUMENT

Count Six and Count Nine, which charge Defendants with obstruction of justice and making false statements based upon conduct identical to that underlying other Counts of the Superseding Indictment, violate the Double Jeopardy Clause and severely undermine Defendants' constitutional right to a fair trial. An indictment is multiplicitous, and thus defective, "if a single offense is alleged in a number of counts. . . ." United States v. Harris, 959 F.2d 246, 250 (D.C. Cir.) (per curiam), cert. denied, 506 U.S. 932 (1992). A multiplicitous indictment violates the Double Jeopardy Clause by allowing multiple sentences to be imposed for a single offense, thereby "unfairly increasing a defendant's exposure to criminal sanctions." Id. at 250. Furthermore, such a defective indictment may substantially prejudice the defendant by "'falsely suggest[ing] to a jury that a defendant has committed not one but several crimes.'" United States v. Clarridge, 811 F. Supp. 697, 702 (D.D.C. 1992) (citation omitted) ("Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue."). Under United States v. Blockburger, the test to be applied to determine whether counts of an indictment are multiplicitous is "whether each [count] requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932). Application of that test in this case demonstrates conclusively that Count Six and Count Nine are unconstitutionally multiplicitous.

- 4 -

### A.  The Court Should Dismiss Count Six Because It Is Multiplicitous of Counts Three Through Five

The Court should dismiss Count Six as multiplicitous of Counts Three through Five because it does not require proof of any fact separate and distinct from the facts underlying those counts.  See Blockburger, 284 U.S. at 304.  In order to sustain its burden of proof with respect to Counts Three through Five, the government must establish that Defendants caused or attempted to cause Witness A, Witness B and Witness C to "alter [their] testimony so that [they] provided information that was untruthful about the Club U matter" to the AUSA.  Superseding Indictment at 10 (¶ 2), 11 (¶ 2), 12 (¶ 2).  The specific false statements at issue in these Counts are alleged as overt acts in the obstruction conspiracy charge alleged in Count Two.  Specifically, Count Three is based on the alleged false statements of Witness A set forth in overt act A, Count Four is based on the alleged false statements of Witness B set forth in overt act B, and Count Five is based on the alleged false statements of Witness C set forth in overt act C.  Id. at 8-9 (¶ 2).

That very same conduct serves as the basis for Count Six.  Although Count Six purports to be based on overt acts D and E of Count Two, an examination of those overt acts reveals that they are based on the same false statements alleged in overt acts A, B and C of Count Two.  Specifically, overt act D alleges that Defendants "failed to provide the exculpatory evidence to anyone at the D.C. USAO or MPD that [Defendants] were causing Witness A, Witness B, and Witness C to provide untruthful information and withhold truthful information."  Superseding Indictment at 9.  This allegation alleges no independent criminal conduct that could form the basis of a stand-alone obstruction charge.  In essence, the government alleges in Counts Three through Five that Defendants obstructed justice by causing Witnesses A, B and C, respectively, to make false statements to the assigned AUSA.  The government then alleges in

- 5 -

Count Six that Defendants committed a separate obstruction of justice offense by failing to tell anyone that they were obstructing justice in the manner alleged in Counts Three through Five. This allegation does not require proof of any facts independent of those underlying Counts Three through Five.

Similarly, overt act E alleges that Defendants "argued that the assigned AUSA should sign the warrant for the arrest of Jerome Jones on the charge of murder one while armed based on the false information being provided by Witness A, Witness B, Witness C, and [Defendants] themselves." Superseding Indictment at 9. In other words, according to the government, Defendants allegedly conveyed the false statements that they had procured from Witnesses A, B and C to the AUSA and argued that they provided a basis to sign the warrant. Proof of this allegation is also completely dependent on the facts underlying Counts Three through Five -- the specific alleged false statements of Witnesses A, B and C. The government does not allege that Defendants made any new or different false statements to the AUSA.

In sum, the government has manufactured a separate obstruction offense where none exists. In order to avoid an inevitable finding that Count Six is multiplicitous, the government essentially re-characterizes the underlying conduct by Defendants as failing to inform the AUSA that they had caused the three witnesses to provide false information and seeking an arrest warrant based upon that false information. Id. at 8-9 (¶ 2). Despite such artful pleading, the gravamen of Count Six is that Defendants caused or attempted to cause the witnesses to provide false information to the AUSA, conduct which is specifically and separately charged in Counts Three through Five. The Court should dismiss Count Six as multiplicitous of Counts Three through Five.

### B. The Court Should Dismiss Count Nine Because It Is Multiplicitous of Counts Seven and Eight

The Court should also dismiss Count Nine as multiplicitous of Counts Seven and Eight because it does not require proof of any fact separate and distinct from the facts underlying those counts. See Blockburger, 284 U.S. at 304. In order to sustain its burden of proof with respect to Counts Seven and Eight, the government must establish that Defendants caused Witness A and Witness B "to provide material and untruthful information about the Club U matter" to the assigned AUSA. Superseding Indictment at 14 (¶ 2), 15 (¶ 2). Specifically, with respect to Count Seven, the government alleges that Defendants caused Witness A to falsely describe another suspect as "punching [Terrance Brown] with both of his hands." Bill of Particulars at 1 (¶ 1). With respect to Count Eight, the government alleges that Defendants caused Witness B to falsely state "first, that Jerome Jones had a sharp, silver, or shiny object, not a box cutter; second, that only one person was attacking Terrance Brown; and third, that Jerome Jones stabbed Brown rather than slashed him." Id. at 1-2 (¶ 1). However, that same conduct -- and indeed those very same allegedly false statements -- serves as the basis for Count Nine, which charges Defendants with providing material and untruthful information to the assigned AUSA that:

> (A) Suspect A was punching Terrance Brown with both hands;
> (B) the weapon that Jerome Jones used to attack Terrance Brown was a knife-like object, not a box cutter; (C) Jerome Jones was stabbing Terrance Brown, rather than slashing him; and (D) only one person, Jerome Jones, was attacking Terrance Brown.

Supplemental Bill of Particulars at 1. The requisite proof for Count Nine -- that Defendants caused Witness A and Witness B to make those four allegedly false statements -- is thus indistinguishable from that required by Counts Seven and Eight. As such, the Court should dismiss Count Nine as multiplicitous.

- 8 -

III.   CONCLUSION

        For the foregoing reasons, the Court should dismiss Count Six and Count Nine because those counts are multiplicitous of other counts charged in the Superseding Indictment.

        Respectfully submitted,

        _____
        Reid H. Weingarten (D.C. Bar #365893)
        Brian M. Heberlig (D.C. Bar #455381)
        Robert A. Ayers (D.C. Bar #488284)
        Steptoe & Johnson LLP
        1330 Connecticut Avenue, N.W.
        Washington, D.C.  20036-1795
        (202) 429-3000

        Counsel for Erick R. Brown


        David Schertler
        Danny Onorato
        Schertler & Onorato, LLP
        601 Pennsylvania Avenue, N.W.
        North Building - 9th Floor
        Washington, D.C.  20004-2601

        Counsel for Milagros L. Morales

Dated:  July 25, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 1:07-cr-00075-CKK |
| ERICK R. BROWN, and MILAGROS L. MORALES, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Upon consideration of Defendants' Motion To Dismiss Counts Six and Nine of the Superseding Indictment for Unconstitutional Multiplicity, the Government's Opposition and Defendants' Reply thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED. Counts Six and Nine are hereby DISMISSED.

_____
Colleen Kollar-Kotelly
UNITED STATES DISTRICT JUDGE

copies to:

William F. Gould
Assistant United States Attorney
U.S. Attorney's Office for the
Western District of Virginia
225 West Main Street
Charlottesville, VA  22902

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

David Schertler
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601