IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 07-075 |
| ) | |
| ERICK R. BROWN, and ) | Judge Colleen Kollar-Kotelly |
| MILAGROS L. MORALES, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
TESTIMONY THAT WITNESS ANDERSON IS A SUPERIOR COURT JUDGE**

Defendants, Milagros L. Morales and Erick R. Brown, through undersigned counsel, move this Court, in limine, to any evidence or testimony that one of the Government's key witnesses, The Honorable Jennifer Anderson, is a Superior Court Judge. The reasons supporting this motion are set forth below.

**I.   FACTUAL BACKGROUND**

Defendants Erick Brown and Milagros L. Morales, both detectives with the Metropolitan Police Department in the District of Columbia, were charged in an eight-count indictment with:

(1) one count of a conspiracy against civil rights in violation of 18 U.S.C. §241,

(2) four counts of conspiracy to obstruct justice in violation of 18 U.S.C. §§371 and 1512( c)(2),

(3) three counts of false statements in violation of 18 U.S.C. §1001.

In an Order dated July 9, 2007, this Court dismissed the four counts of conspiracy to obstruct justice. On July 18, 2007, the grand jury issued a superceding indictment adding charges of violating the District of Columbia obstruction of justice statute.

As the Court is now well aware, the charges in the indictment arise out of the interaction

between Detectives Brown and Morales and three witnesses while the Detectives were investigating a murder that occurred in Northwest section of the District of Columbia on February 13, 2005. The Government alleges that Detectives Brown and Morales instructed witnesses to provide false information to the prosecuting attorney in order to obtain an arrest warrant for the target of the investigation, Jerome Jones. Detectives Brown and Morales strongly disagree with that allegation.

As this Court knows, The Honorable Jennifer Anderson, currently a judge of the District of Columbia Superior Court, is likely to be a critical government witness in this case. At the time these events occurred, however, Ms. Anderson was an Assistant United States Attorney in the U.S. Attorney's Office for the District of Columbia. The events about which she will testify directly relate to her work and her position as an Assistant U.S. Attorney. Moreover, Ms. Anderson is a particularly important government witness because she made the initial allegations against the two Detectives that now form the basis of the charges in the indictment against them. The defense expects that Ms. Anderson will be a hostile witness against the Defendants and had formed an early opinion as to the impropriety of their conduct. The testimony will also show that during the events in question, Ms. Anderson displayed a hostile attitude toward both Defendants.

However, the events to which Ms. Anderson will testify have nothing to do with the fact that subsequent to these events, Ms. Anderson became a Superior Court Judge. The fact that Ms. Anderson is currently a Superior Court Judge is completely irrelevant to the trial and the issues that will be raised at trial.

We are concerned because the mere mention that Ms. Anderson is a judge will give her an aura of credibility with the jury that the jury would not assign to any other type of witness.

Moreover, we do not believe that any limiting instruction, such as the typical instruction that the Court gives with respect to the testimony of law enforcement officers, will be sufficient to overcome the potential prejudice to the Defendants in this case. A judge, whose role this Court will define to the jurors, as being fair, objective and impartial, will necessarily be viewed with more inherent credibility by a layperson than even that of a police officer. Moreover, in most criminal cases, it is necessary for law enforcement officers to identify themselves as such in order to explain their role in the case. That is not true here. Ms. Anderson's status as a judge has absolutely nothing to do with this case.

**WHEREFORE**, in light of these considerations, it would be appropriate for the Court to direct all the government witnesses and the prosecutor that there should be no mention of Ms. Anderson's current status of a Superior Court Judge. Such a ruling would eliminate any potential prejudice to the defendants without in any way prejudicing the Government's presentation of its case.

Dated:  July 25, 2007                              Respectfully submitted,

                                                                 MILAGRO A. MORALES

                                                                 By Her Attorneys,


                                                                 _____/s/_____
                                                                 David Schertler
                                                                 Danny Onorato
                                                                 SCHERTLER & ONORATO, LLP
                                                                 601 Pennsylvania Avenue, N.W.
                                                                 Suite 900 – NORTH Building
                                                                 Washington, D.C.  20004
                                                                 Telephone:  (202) 628-4199
                                                                 Facsimile:   (202) 628-4177



                                                                 ERICK R. BROWN

                                                                 By his attorneys,


                                                                 _____/s/_____
                                                                 Brian Heberlig
                                                                 Reid H. Weingarten
                                                                 STEPTOE & JOHNSON, LLP
                                                                 1330 Connecticut Avenue, NW
                                                                 Washington, DC  20036
                                                                 Telephone:  (202) 429-8134
                                                                 Facsimile:   (202) 429-3902

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion was delivered by email service list and first class mail, postage pre-paid, this 25th day of July 2007 to:

William F. Gould, Esq.
Assistant United States Attorney
Western District of Virginia
2100 Jamieson Avenue
Alexandria, VA  22314
Fax:  703-299-3981


                                                    /s/
                                       David Schertler