UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NUMBER: |
| | : | 1:2007-cr-00075-CKK |
| | : | |
| | : | |
| | : | The Honorable Colleen |
| v. | : | Kollar-Kotelly |
| | : | |
| ERICK R. BROWN, and | : | |
| MILAGROS L. MORALES, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**UNITED STATES'S OPPOSITION TO DEFENDANTS' SECOND
MULTIPLICITY MOTION**

The United States, by and through its attorney, the United States Attorney for the Western District of Virginia, hereby opposes "Defendants' Motion to Dismiss Counts Six and Nine of the Superseding Indictment for Unconstitutional Multiplicity." Herein, the government respectfully requests that the Court deny that motion.

I.  Count Six

Counts Three, Four, Five, and Six all charge separate and distinct crimes. Counts Three through Five charge defendants with tampering with each specific witness, Witness A (Count Three), Witness B (Count Four), and Witness C (Count Five). These charge affirmative acts to use these three witnesses to obstruct the investigation into the Club U murder. Each count relates to defendants' conduct culminating in the witnesses presenting information to the assigned AUSA that incriminated Jerome Jones and exculpated Suspect

A, who is first introduced in paragraph two of the Grand Jury's Superseding Indictment. Count Six is distinct in that it relates, among other acts, to defendants' active use, from their own mouths, of the witness statements that they knew to be false in order to get their warrant signed and Jerome Jones convicted. Over the days during which this obstructive conduct was occurring, defendants used what they were causing these witnesses to say as ammunition in their at times heated arguments with the assigned AUSA and MPD officials to get the warrant signed for Jerome Jones. In addition, Count Six relates to defendants failure to provide exculpatory information to anyone at the U.S. Attorney's Office or MPD officials.

The conduct charged in Count Six occurred at times different than the crimes charged in the other three obstruction counts. The witnesses identified in the Superseding Indictment were not present when defendants were using what the witnesses had said to the assigned AUSA to get the warrant signed. In sum, Count Six charges defendants themselves with providing false information and failing to provide exculpatory information, facts different than what must be proved with Counts Three, Four, and Five.

II.     Count Nine

Defendants offer a similar argument regarding Count Nine, but here too the conduct charged is distinct from that charged in Counts Seven and Eight. Counts Seven and Eight charge the statements that defendants caused Witness A and Witness B to make, where Count Nine charges defendants' own statements. Count Seven charges defendants with what they caused Witness A to say. Count Eight, similarly, charges what defendants caused Witness B to say. Count Nine charges defendants themselves, at times different than the Count Seven

and Eight statements, with providing the material and false information about the Club U murder as set forth in the two Bills of Particulars. The fact that the statements uttered were similar does not make Count Nine multiplicitous. Defendants' false statements to the assigned AUSA are separate and distinct from the statements of the three witnesses. Each count requires proof of a distinct fact: the person, or persons, who authored, or repeated, the false statement.

WHEREFORE, the United States respectfully requests that the Court deny defendants' motion.

Respectfully submitted,

JOHN L. BROWNLEE
United States Attorney


s/ William F. Gould
William F. Gould
Assistant United States Attorney
District of Columbia Bar # 428468
Virginia State Bar # 67002

## C E R T I F I C A T E

I certify that a true and correct copy of this government response to defendants' second multiplicity motion has been filed through the Court's electronic filing system, which will send a copy to counsel for both defendants, **David Schertler** and **Danny Onorato** of Schertler & Onorato, L.L.P., and for Milagros Morales, and **Reid Weingarten** and **Brian Heberlig** of Steptoe & Johnson, L.L.P., for Erick Brown, on this 30th day of July, 2007.

                                                        s/ William F. Gould
                                                        William F. Gould
                                                       Assistant United States Attorney