### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) |
| v. | )    **Crim. No. 1:07-cr-00075-CKK** |
| | ) |
| **ERICK R. BROWN, and** | ) |
| **MILAGROS L. MORALES,** | ) |
| | ) |
| **Defendants.** | ) |

_____)

### JOINT PROPOSED JURY INSTRUCTIONS

The parties hereby submit the following proposed jury instructions to be read to

the jury at the conclusion of the presentation of evidence at trial.  The parties reached agreement

on the vast majority of the proposed instructions.  However, the parties were unable to agree on

two proposed civil rights instructions for Count One -- proposed instructions Four and Five.

Therefore, the government and Defendants have submitted separate proposed instructions Four

and Five.  Defendants are also filing a memorandum of law in support of their proposed civil

rights instructions for the Court's consideration.  The government also proposes a separate

instruction regarding the absence of an overt act requirement in Count One -- government's

proposed instruction Six -- to which Defendants object.  Finally, the government objects to

Defendants' proposed Good Faith instruction -- Defendants' proposed instruction Eighteen --

and proposes certain instructions in the event the Court gives Defendants' Good Faith Instruction

-- government's proposed instructions Nineteen through Twenty-Two -- to which Defendants

object.[1]

_____

[1]  The parties have reviewed the Court's standard <u>voir</u> <u>dire</u> and have no substantive
additions to propose.  However, in light of the fact that this case has received modest media

(Continued …)

## I.    <u>Court's Standard Instructions</u>

The parties request that the Court use the following standard instructions from <u>Criminal Jury Instructions for the District of Columbia</u> (4th ed. revised 2007) (hereinafter the "Red Book"):

Red Book Instr. 2.01 -- Function of the Court

Red Book Instr. 2.02 -- Function of the Jury

Red Book Instr. 2.03 -- Jury's Recollection Controls

Red Book Instr. 2.04 -- Evidence in the Case - Judicial Notice, Stipulations, Depositions

Red Book Instr. 2.05 -- Statements of Counsel

Red Book Instr. 2.06 -- Indictment or Information Not Evidence

Red Book Instr. 2.07 -- Inadmissible and Stricken Evidence

Red Book Instr. 2.08 -- Burden of Proof - Presumption of Innocence

Red Book Instr. 2.09 -- Reasonable Doubt

Red Book Instr. 2.10 -- Direct and Circumstantial Evidence

Red Book Instr. 2.11 -- Credibility of Witnesses

Red Book Instr. 2.13 -- Number of Witnesses

Red Book Instr. 2.14 -- Nature of Charges Not to be Considered

Red Book Instr. 2.26 -- Police Officer's Testimony (modified to include testimony of an Assistant United States Attorney)

Red Book Instr. 2.27 -- Right of Defendant Not To Testify (if applicable)

Red Book Instr. 2.28 -- Defendant As A Witness (if applicable)

---

coverage, the parties respectfully request that the Court ask the jurors if they have been exposed to any media reports about this case. The Court could ask this question immediately following the standard question about whether any juror is familiar with the facts of the case.

Red Book Instr. 2.30 -- Transcripts Of Tape Recordings[2]

Red Book Instr. 2.41 -- Missing Witness Or Other Evidence (if applicable)

Red Book Instr. 2.42 -- Character And Reputation Of Defendant (if applicable)

Red Book Instr. 2.43 -- Cross-Examination Of Character Witness (if applicable)

Red Book Instr. 2.49 -- Defendant's Statements -- Corroboration

Red Book Instr. 2.50 -- Statements -- Co-Defendants

Red Book Instr. 2.54 -- Multiple Defendants -- Multiple Counts

Red Book Instr. 2.55 -- Evidence Admitted Against One Defendant Only (if applicable)

Red Book Instr. 2.71 -- Selection of Foreperson

Red Book Instr. 2.73 -- Exhibits During Deliberations

Red Book Instr. 2.74 -- Possible Punishment Not Relevant

Red Book Instr. 2.75 -- Communication Between the Court and Jury During Jury's Deliberations

---

[2] The parties propose that the Court modify Instruction 2.30 to apply to video recordings by substituting "video" wherever "tape" occurs in the instruction.

**II.    Parties' Proposed Jury Instructions**

**Parties' Proposed Instruction No. 1.[3]**

<u>**THE GOVERNMENT AS A PARTY**</u>

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, is important to the defendants, who are charged with serious crimes.

The fact that the prosecution is being brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**Authority:**    1 Leonard B. Sand et al., <u>Modern Federal Jury Instructions - Criminal</u> ¶ 2.01 Instr. 2-5 (Matthew Bender 2007).

---

[3] The pattern instructions upon which these proposed instructions are based have been modified throughout the proposed instructions to apply to multiple defendants.

**Parties' Proposed Instruction No. 2.**

## CONSPIRACY AGAINST CIVIL RIGHTS

## ELEMENTS OF THE OFFENSE

Count One charges the defendants with Conspiracy Against Civil Rights in violation of

Title 18, United States Code, Section 241.  To sustain the charge of Conspiracy Against Civil

Rights, the government must prove the following four elements:

| | |
|---|---|
| One: | That the defendants entered into a conspiracy to injure, oppress, threaten, and intimidate Jerome Jones; |
| Two: | That the conspiracy was directed at Jerome Jones' free exercise or enjoyment of the right to be free from unreasonable seizure, which is secured by the Fourth Amendment of the Constitution of the United States; |
| Three: | That the defendants acted with the specific intent to deprive Jerome Jones of the right to be free from unreasonable seizure; and |
| Four: | That Jerome Jones was present in any State, Territory, or District of the United States. |

If you find from your consideration of all the evidence that each of these elements has

been proved beyond a reasonable doubt with respect to a particular defendant, then you should

find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of

these elements has not been proved beyond a reasonable doubt, then you should find the

defendant not guilty.

**Authority:**    Pattern Crim. Jury Instr. 7th Cir., p. 126 (1998) (Element two modified to include reference to Fourth Amendment.  Element three modified to include requirement that defendants acted with specific intent.  See United States v. Ehrlichman, 546 F.2d 910, 918 (D.C. Cir. 1976) ("It is settled law that 'the offender must act with a specific intent to interfere with the federal rights in question . . . .'") (citations and quotations omitted)).

**Parties' Proposed Instruction No. 3.**

**COUNT ONE: CONSPIRACY AGAINST CIVIL RIGHTS -- ELEMENT ONE**

**"CONSPIRACY" -- DEFINED**

Count One charges the defendants with Conspiracy Against Civil Rights, which is a separate charge from Deprivation of Civil Rights itself.  In deliberating on this charge you must consider the defendants individually, to decide whether the government has proved each of the elements as to each defendant.

The defendants are charged with conspiring to injure, oppress, threaten and intimidate Jerome Jones in his free exercise and enjoyment of the right to be free from unreasonable seizure.  It is against the law to agree with someone to injure, oppress, threaten or intimidate an individual in their free exercise of the right to be free from unreasonable seizure.

The government is not required to prove that the objective was achieved.  To find a particular defendant guilty of the crime of conspiracy, you must be convinced that the government has proved each of the following two elements, beyond a reasonable doubt:

First, that in or about February 2005, an agreement existed between the defendants, to injure, oppress, threaten and intimidate Jerome Jones in his free exercise and enjoyment of the right to be free from unreasonable seizure.  This does not have to be a formal agreement or plan, in which the defendants sat down together and worked out the details.  On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to injure, oppress, threaten and intimidate an individual in the exercise of their civil rights.  It is enough that the government proves beyond a reasonable doubt that there was a common understanding among the defendants to injure, oppress, threaten and intimidate Jerome Jones in the free exercise and enjoyment of the right to

be free from unreasonable seizure. So, the first thing that must be shown is the existence of an agreement.

Second, the government must prove that the defendants intentionally joined in that agreement. It is not necessary to find that they agreed to all the details of the crime. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. But merely being with the other defendant does not show that either defendant knowingly joined in an agreement. So the second thing that must be shown is that the defendant was part of the conspiracy.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. But it is up to the government to prove that such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of both of the alleged participants. In deciding whether a particular defendant became a member of that conspiracy, you may consider only the acts and statements of that defendant.

In summary, a conspiracy is a kind of partnership in crime. For a particular defendant to be convicted of the crime of conspiracy, the government must prove two things beyond a reasonable doubt: first, that there was an agreement between the defendants to injure, oppress, threaten and intimidate Jerome Jones in his right to be free from unreasonable seizure; and second, that the defendant intentionally joined in that agreement.

**Authority:**    Pattern Crim. Jury Instr. 7th Cir., p. 130, comment ("[18 U.S.C. § 241] instruction should be given in conjunction with instructions concerning conspiracy, but without language requiring proof of an overt act."); Red Book Instr. 4.93 (conspiracy instruction modified for conspiracy involving only two participants).

**Defendants' Proposed Instruction No. 4.**

### COUNT ONE: CONSPIRACY AGAINST CIVIL RIGHTS -- ELEMENT TWO

### <u>"RIGHT TO BE FREE FROM UNREASONABLE SEIZURE AND PROBABLE CAUSE"</u> <u>-- DEFINED</u>

The object of the conspiracy alleged in Count One is to injure, oppress, threaten and intimidate Jerome Jones in his free exercise and enjoyment of the Fourth Amendment right to be free from unreasonable seizure.

An unreasonable seizure under the Fourth Amendment, where the seizure is an arrest made by the police, is an arrest made without probable cause. Probable cause to arrest a person exists when there are facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person in believing that the suspect has committed, is committing, or is about to commit an offense. If probable cause exists to arrest an individual for any offense, even an offense other than that for which they are arrested, an arrest, or seizure, is not unreasonable and the individual's Fourth Amendment right to be free from unreasonable seizure is not violated. In other words, an individual's right to be free from unreasonable seizure is violated only if he is arrested when no facts and circumstances exist to warrant a prudent person in believing that the individual has committed, is committing, or is about to commit any criminal offense whatsoever.

**Authority:**     <u>United States v. Bookhardt</u>, 277 F.3d 558, 564 (D.C. Cir. 2002) ("'an arrest will be upheld if probable cause exists to support arrest for an offense'") (citation omitted); <u>United States v. Wesley</u>, 293 F.3d 541, 545 (D.C. Cir. 2002) ("Probable cause to arrest 'requires the existence of "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person in believing that the suspect has committed, is committing, or is about to commit an offense."'") (quoting <u>United States v. Dawkins</u>, 17 F.3d 399, 403 (D.C. Cir. 1994) (quoting <u>Michigan v. DeFillippo</u>, 443 U.S. 31, 37 (1979))); <u>United States v. Reid</u>, 89 Fed. Appx. 279, 280 (D.C. Cir. 2004) (arrest for "'disorderly gambling,'" which was not a crime under D.C. law, held lawful where arresting officers had probable cause to believe defendant's gambling activity could constitute disorderly conduct); <u>see also</u> Defendants' Memorandum of Law In Support Of Proposed Civil Rights Jury Instructions ("Defendants' Civil Rights Mem.").

**Government's Objections to Defendants' Proposed Instruction No. 4.**

  The government objects to Defendants' proposed instruction Four and requests that the Court give the government's proposed instruction Four.

**Government's Proposed Instruction No. 4.**

## COUNT ONE: CONSPIRACY AGAINST CIVIL RIGHTS -- ELEMENT TWO

## <u>PURPOSE OF THE CONSPIRACY</u>

The second element that the government must prove as to Count One is that the purpose of the conspiracy was to "injure, oppress, threaten, or intimidate" one or more individuals present within a state of the United States of America or the District of Columbia in the enjoyment or exercise of a protected federal right. In this case, the Superseding Indictment alleges that the purpose of the conspiracy was to injure, oppress, threaten, or intimidate Jerome Jones in his free exercise and enjoyment of his Fourth Amendment right to be free from unreasonable seizure.

The words "injure," "oppress," "threaten" or "intimidate" are not used in any technical sense, but may cover a variety of conduct intended to harm, frighten, punish or prevent the free action of another. An unreasonable seizure of a person under the Fourth Amendment is an arrest made where probable cause does not exist for the crime charged.

Although you must find that the purpose of the conspiracy was to interfere with a federal right, it is not necessary for you to determine that the defendants were thinking in legal terms or that they knew that their action would violate anyone's protected rights. It also does not matter if the conspirators also were motivated by some other emotion, so long as a purpose of the conspiracy was to deprive the victims of their federally protected rights.

**Authority:** <u>Johnson v. Knorr</u>, 477 F.3d 75 (3d Cir. 2007) (unreasonable seizure occurs if victim is charged with greater crime he did not commit); 18 U.S.C. § 241; <u>Anderson v. United States</u>, 417 U.S. 211, 223, 226 (1974) (government must prove defendant intended to interfere with the federal rights in question; only one purpose of conspiracy need be unlawful); <u>Pinkerton v. United States</u>, 328 U.S. 640, 647 (1946) ("The criminal intent to do the act is established by the formation of the conspiracy."); <u>United States v. Price</u>, 383 U.S. 787, 806 n.20 (1966) (observing there is "no basis for distinction" between § 241 and § 242 with respect to the specific intent

requirement); United States v. Guest, 383 U.S. 745, 753-54, 760 (1966) (§ 241 requires proof of intent to violate federal rights); United States v. Collins, 78 F.3d 1021, 1037 (6th Cir. 1996) (only one purpose of multi-purpose conspiracy need be unlawful); United States v. Brown, 49 F.3d 1162, 1165 (6th Cir.1995) ("The United States need not prove that the defendant actually knew it was a constitutional right being conspired against or violated."); United States v. McDermott, 29 F.3d 404, 408-09 (8th Cir. 1994) (affirming use of § 241 instruction that defined "injure," "oppress," "threaten," or "intimidate" as "not used in any technical sense, but . . . cover[ing] a variety of conduct intended to harm, frighten, punish or prevent the free action of other persons."); United States v. Redwine, 715 F.2d 315, 319-20 (7th Cir. 1983) ("[W]hile specific intent to interfere with a federally protected right must be shown, it is not necessary that the defendant be shown to have a legalistic appreciation of the federally protected nature of that right."); United States v. O'Dell, 462 F.2d 224 233 & n.10 (6th Cir. 1972) ("[T]he jury . . . need not, in order to convict, determine that Appellants actually knew that it was a Constitutional right that they were violating or conspiring against."); Crews v. United States, 160 F.2d 746, 749 (5th Cir. 1947) (holding that offense is complete "even though defendant was also actuated by personal anger, hate, malice, and a desire for revenge"); Committee on Federal Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 241 (1999 ed.) (defining terms "injure, oppress, threaten, or intimidate" as covering "a variety of conduct intended to harm, frighten, or inhibit the free action of other persons."); Committee on Federal Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 242 (1999 ed.) ("The defendant need not have known that [this; these] right[s] [was; were] secured by the Constitution or the laws of the United States."); O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions, § 29.05 (5th ed. 2000) (explaining for purposes of 18 U.S.C. § 242, that "it is not necessary for the government to prove that the defendant knew that this action would actually violate anyone's constitutional rights.").

**Defendants' Objections to Government's Proposed Instruction No. 4.**

Defendants object to the first sentence of the second paragraph of the government's proposed instruction Four because the terms are plain language that the jury will understand without any special definition. Moreover, the terminology "prevent the free action of another" does not come from the statute and, as defined, could cover a variety of innocent conduct. For instance, Defendants do not understand what is covered by the prohibition against "frighten[ing]" the "free action of another." There is no need for this potentially confusing instruction.

Defendants object to the second sentence of the second paragraph of the government's proposed instruction Four because it is an incorrect statement of law. An individual's Fourth

Amendment right to be free from unreasonable seizure is violated only if the individual is arrested when probable cause does not exist for any crime that could be charged under the circumstances.  See Bookhardt, 277 F.3d at 564 ("'an arrest will be upheld if probable cause exists to support arrest for an offense'") (citation omitted); see also Defendants' Civil Rights Mem. at 2-4.  The government cites only Johnson v. Knorr, 477 F.3d 75 (3d Cir. 2007), in support of its proposed definition of the Fourth Amendment right to be free from unreasonable seizure.  However, Johnson is a civil matter involving claims for malicious prosecution, which does not apply and, in any event, is contradicted by settled law in this Circuit.  See Defendants' Civil Rights Mem. at 7-9.

Defendants object to the second sentence in the third paragraph of the government's proposed instruction Four because it is irrelevant and potentially confusing to the jury. Assuming the jury finds the conspiracy alleged in Count One was entered into by Defendants, the jury should be instructed to determine whether Defendants conspired with the specific intent to injure, oppress, threaten or intimidate Jerome Jones in his free exercise and enjoyment of the Fourth Amendment right to be free from unreasonable seizure.  The Defendants' emotional state during the Club U murder investigation is irrelevant to the jury's determination of the specific intent with which Defendants allegedly conspired.  Thus, the government's proposed instruction introduces an additional, irrelevant consideration which will likely confuse the jury.  Defendants also object to this portion of the government's proposed instruction because it improperly implies that more than one "victim" is involved in this case.  Therefore, the Court should give the Defendants' proposed instruction Four.

**Defendants' Proposed Instruction No. 5.**

**COUNT ONE: CONSPIRACY AGAINST CIVIL RIGHTS -- ELEMENT THREE**

**"INTENT TO DEPRIVE CIVIL RIGHTS" -- DEFINED**

To satisfy the third element of the conspiracy alleged in Count One, the government must prove beyond a reasonable doubt that the defendants acted with the specific intent to deprive Jerome Jones of the right to be free from unreasonable seizure.

To find that a particular defendant acted with the specific intent to deprive Jerome Jones of the right to be free from unreasonable seizure, you must find that the defendant intended to arrest, or cause the arrest of, Jerome Jones with no probable cause to believe he committed any crime. In other words, you must find that the particular defendant intended to unlawfully arrest Jerome Jones without knowledge of facts and circumstances sufficient to warrant a prudent person in believing he had committed any criminal offense.

**Authority:**    Ehrlichman, 546 F.2d at 918 (D.C. Cir. 1976) ("It is settled law that 'the offender must act with a specific intent to interfere with the federal rights in question . . . .'") (citation omitted); Bookhardt, 277 F.3d at 564; Reid, 89 Fed. Appx. at 280; see also Defendants' Civil Rights Mem. at 2-4.


**Government's Objections to Defendants' Proposed Instruction No. 5.**

The government objects to Defendants' proposed instruction Five and requests that the Court give the government's proposed instruction Five.

**Government's Proposed Instruction No. 5.**

### COUNT ONE: CONSPIRACY AGAINST CIVIL RIGHTS -- ELEMENT THREE

### "INTENT TO DEPRIVE CIVIL RIGHTS" -- DEFINED

To satisfy the third element of the conspiracy alleged in Count One, the United States must prove beyond a reasonable doubt that the defendants acted with the specific intent to deprive of the Fourth Amendment right to be free from an unreasonable seizure.

To find this to be proved, you must find that the defendant intended to arrest, or cause to be arrested, Jerome Jones without probable cause that he committed the crime of murder one while armed. In other words, you must find that the particular defendant intended to unlawfully arrest Jerome Jones without knowledge of facts and circumstances sufficient to warrant a prudent person in believing he had committed the offense of murder one while armed.

**Authority:** Same as authority in support of Government's Proposed Instruction No. 4.


**Defendants' Objections to Government's Proposed Instruction No. 5.**

Defendants object to the second paragraph of the government's proposed instruction Five because it is an incorrect statement of the law. As set forth above, an individual's right to be free from unreasonable seizure is not violated if probable cause exists to arrest the individual for any offense. See Defendants' Objections to Government's Proposed Instruction No. 4; Defendants' Civil Rights Mem. at 2-4. Therefore, to satisfy the third element in Count One, the government must prove that the Defendants intended to unlawfully arrest Jerome Jones without knowledge of facts and circumstances sufficient to warrant a prudent person in believing he had committed any offense, not the specific offense of murder one while armed. Therefore, the Court should give the Defendants' proposed instruction Five.

**Government's Proposed Instruction No. 6.**

## <u>CONSPIRACY -- OVERT ACT NOT REQUIRED</u>

It is not necessary that the United States prove any overt act was committed to further the conspiracy. An overt act is any transaction or event, even one which may be entirely innocent when considered alone, that is committed by a conspirator in an effort to further some objective of the conspiracy. You are instructed that proof of an overt act is not an element of Count One. The United States is not required to prove that the defendants or any co-conspirator committed any overt act set forth in the Indictment, but you may consider any overt act which you believe occurred to help determine whether the conspiracy was formed and who joined it.

**Authority:** 18 U.S.C. § 241**;** <u>Whitfield v. United States</u>, 543 U.S. 209, 125 S.Ct. 687, 690-91 (2005) (holding that the government need not prove an overt act where text of a conspiracy statute does not expressly make commission of an overt act an element); <u>United States v. Shabani</u>, 513 U.S. 10, 14 (1994) (same); <u>United States v. Colvin</u>, 353 F.3d 569, 576 & n.4 (7th Cir. 2003), <u>cert. denied</u>, 125 S.Ct. 308 (2004) ("[W]e therefore agree with those circuits that have held that Shabani compels a conclusion that an overt act is not required under § 241."); <u>United States v. Anderson</u>, 353 F.3d 490, 502 n.9 (6th Cir. 2003) ("The government may offer proof of overt acts not listed in the indictment."); <u>United States v. Whitney</u>, 229 F.3d 1296, 1301 (10th Cir. 2000) ("Section 241 does not require proof of an overt act in furtherance of the conspiracy."); <u>United States v. Crochiere</u>, 129 F.3d 233, 237-39 (1st Cir. 1997) (holding that § 241 does not require proof of an overt act in furtherance of the conspiracy.); <u>United States v. McKinney</u>, 954 F.2d 471, 476 (7th Cir. 1992) ("[A] jury may base a conspiracy conviction on proof of an overt act not charged in the indictment."); <u>United States v. Skillman</u>, 922 F.2d 1370, 1375 (9th Cir. 1990) (holding § 241 does not require proof of an overt act); U.S. Sixth Circuit Judges Association, <u>Pattern Criminal Jury Instructions</u> § 3.01A, Use Note (2005 ed.) (stating that overt act element should not be included where statute does not require proof of an overt act).

**Defendants' Objections to Government's Proposed Instruction No. 6.**

Defendants object to the government's proposed instruction Six because it is unnecessary and potentially confusing to the jury. The government's instruction sets forth a definition of an overt act only to inform the jury that it need not find that one was committed to find Defendants guilty of Count One. Instructions discussing elements that are not part of an offense are highly

irregular and have the potential to confuse the jury.  Moreover, such instructions are not neutral and balanced.

The elements of the civil rights offense are clearly set forth in the Parties' Proposed Instruction Two.  The concept of an "overt act" is defined in the Parties' Proposed Instruction No. 7 -- the Conspiracy to Obstruct Justice instruction in which the definition of overt act is relevant.  Furthermore, the last portion of the last sentence of the government's proposed instruction Six ("you may consider any overt act which you believe occurred to help determine whether the conspiracy was formed and who joined it") and the first sentence of paragraph eight of the Parties' Proposed Instruction Three ("In deciding whether an agreement existed, you may consider the acts and statements of both of the alleged participants.") are redundant.  Therefore, the Court should decline to give the government's proposed instruction Six.

**Parties' Proposed Instruction No. 7.**

## COUNT TWO: CONSPIRACY TO OBSTRUCT JUSTICE
## <u>ELEMENTS OF THE OFFENSE</u>

Count Two charges the defendants with conspiring to obstruct justice in violation of Title 22, D.C. Official Code, Sections 722(a)(6) and 1805(a).

I am going to tell you about the charge of Conspiracy to Obstruct the Due Administration of Justice, which is a separate charge from Obstructing Justice itself with which the defendants are also charged. In deliberating on this charge you must consider the defendants individually, to decide whether the government has proved each of the elements as to each person.

The defendants are charged with conspiring to obstruct the due administration of justice. It is against the law to agree with someone to commit the crime of Obstructing Justice.

The essential elements of the offense of Obstructing Justice, each of which the government must prove beyond a reasonable doubt, are:

One:  That a particular defendant corruptly or by threats of force obstructed or impeded or endeavored to obstruct or impede the due administration of justice in any official proceeding in the Superior Court of the District of Columbia; and

Two:  That the defendant acted with specific intent to obstruct or impede the due administration of justice.

You are instructed that the term "corruptly" means with an improper motive. The term "endeavor" means any effort, whether successful or not.

The term "official proceeding" means any trial, hearing, investigation or other proceeding conducted by a grand jury of the Superior Court of the District of Columbia.

The government is not required to prove that the objective was achieved. To find a particular defendant guilty of the crime of conspiracy, you must be convinced that the government has proved each of the following three elements, beyond a reasonable doubt:

First, that in or about February 2005, an agreement existed between the defendants, to commit the crime of Obstructing Justice. This does not have to be a formal agreement or plan, in which the defendants sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to obstruct justice. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among the defendants to commit the crime of Obstructing Justice. So, the first thing that must be shown is the existence of an agreement.

Second, the government must prove that the defendants intentionally joined in that agreement. It is not necessary to find that they agreed to all the details of the crime. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. But merely being with the other defendant does not show that either defendant knowingly joined in an agreement. So the second thing that must be shown is that the defendants intentionally joined the conspiracy.

Third, the government must show that one of the defendants did something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. The government must show that one of the defendants did one of the overt acts in order to carry out the conspiracy. The charged overt acts are attempting to cause and causing Witnesses A, B, and

C to alter their testimony so that the witnesses provided untruthful information about the Club U matter, failing to provide the exculpatory evidence to anyone at the United States Attorney's Office for the District of Columbia or the Metropolitan Police Department that the defendants were causing Witnesses A, B, and C to provide untruthful information and withhold truthful information about the Club U matter, and arguing that the assigned Assistant United States Attorney should sign Jerome Jones' arrest warrant based on information the defendants knew was false that was provided by Witnesses A, B, and C and the defendants themselves. The government need not prove that all of these overt acts were taken, but in order to find a defendant guilty, you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. But it is up to the government to prove that such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of both of the alleged participants. In deciding whether a particular defendant became a member of that conspiracy, you may consider only the acts and statements of that defendant.

In summary, a conspiracy is a kind of partnership in crime. For a particular defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that there was an agreement between the defendants to obstruct justice; second, that the defendant intentionally joined in that agreement; and third, that one of the defendants did one of the overt acts charged.

**Authority:**    Red Book Instr. 4.81, 4.93 (modified for conspiracy involving only two participants).

**Parties' Proposed Instruction No. 8.**

## COUNT TWO: CONSPIRACY

### <u>UNANIMITY</u>

The verdicts must represent the considered judgment of each juror.  In order to return verdicts, each juror must agree to the verdicts.  Your verdicts must be unanimous.

As I have already instructed you, Count Two of the Indictment charges the defendants with conspiring with one another to commit the offense of Obstructing Justice.  There has been evidence of more than one overt act upon which a conviction on this count may be based.  You may find the defendants guilty on this count if the government proves beyond a reasonable doubt that a defendant committed any of these overt acts.  However, in order to return a guilty verdict on this count, all jurors must unanimously agree as to at least one of these specific overt acts.  In other words, you must all agree that a defendant committed a specific overt act alleged in Count Two.


**Authority:**    Red Book Instr. 2.72 (modified to apply to overt acts in conspiracy involving only two participants).

**Parties' Proposed Instruction No. 9.[4]**

## COUNTS THREE THROUGH SIX: OBSTRUCTION OF JUSTICE

## <u>ELEMENTS OF THE OFFENSE</u>

Counts Three through Six charge the defendants with Obstructing Justice in violation of Title 22, D.C. Official Code, Sections 722(a)(6) and 1805.

The essential elements of the offense of Obstructing Justice, each of which the government must prove beyond a reasonable doubt, are:

One:    That the defendant corruptly or by threats of force obstructed or impeded or endeavored to obstruct or impede the due administration of justice in any official proceeding in the Superior Court of the District of Columbia; and

Two:    That the defendant acted with specific intent to obstruct or impede the due administration of justice.

You are instructed that the term "corruptly" means with an improper motive. The term "endeavor" means any effort, whether successful or not.

The term "official proceeding" means any trial, hearing, investigation or other proceeding conducted by a grand jury of the Superior Court of the District of Columbia.

**Authority:**    Red Book Instr. 4.81(F) (added first paragraph).

---

[4] The parties will need to substitute different instructions if the government obtains a superseding indictment in which Counts Three through Five are amended to charge violations of a different prong of the obstruction statute.

**Parties' Proposed Instruction No. 10.**

**COUNTS SEVEN THROUGH NINE: FALSE, FICTITIOUS, OR FRAUDULENT
STATEMENTS OF REPRESENTATIONS**

**ELEMENTS OF THE OFFENSE**

Counts Seven through Nine charge the defendants with knowingly and willfully making,
or causing to be made, a false, fictitious, or fraudulent statement to the United States government
in violation of Title 18, United States Code, Sections 2 and 1001.

In order to sustain its burden of proof for the crime of knowingly and willfully making a
false statement to the United States government as charged in Counts Seven through Nine of the
indictment, the government must prove the following four essential elements beyond a
reasonable doubt:

One*:*      That the defendant made, or caused to be made, a false, fictitious, or
             fraudulent statement or representation as detailed in each of Counts Seven
             Through Nine in the indictment;

Two*:*      The false, fictitious, or fraudulent statement or representation was
             material;

Three:     The defendant acted knowingly and willfully; and

Four*:*     The statement was made in a matter within the jurisdiction of the
             executive branch of the United States government.

**Authority:**    Adapted from 2 Sand et al., ¶ 36.01 Instr. 36-3.

**Parties' Proposed Instruction No. 11.**

**COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS -- ELEMENT ONE**

**"FALSE, FICTITIOUS OR FRAUDULENT STATEMENTS OR REPRESENTATIONS"**
**-- DEFINED**

To satisfy the first element of Counts Seven through Nine with respect to a particular defendant, the government must prove beyond a reasonable doubt that the defendant made, or caused to be made, a false, fictitious, or fraudulent statement or representation.

A false or fictitious statement or representation is an assertion which is untrue when made or when used and which is known by the person making it or using it to be untrue.

A fraudulent statement or representation is an assertion which is known to be untrue and which is made or used with the intent to deceive.

**Authority**:      2A O'Malley et al., § 40.08 (added first paragraph).

**Parties' Proposed Instruction No. 12.**

## COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS -- ELEMENT TWO

## "MATERIALITY" -- DEFINED

The second element the government must prove beyond a reasonable doubt is that the statement or representation a particular defendant made, or caused to be made, was material.

A fact is material if it could have influenced the government's decisions or activities.

However, proof of actual reliance on the statement by the government is not required.

**Authority:**     2 Sand et al., ¶ 36.01 Instr. 36-11 (modified to apply to aiding and abetting liability).

**Parties' Proposed Instruction No. 13.**

## COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS -- ELEMENT THREE

## "KNOWING AND WILLFUL CONDUCT" -- DEFINED

The third element which the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done "knowingly" if it is done consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reason.

A person who makes, submits, or uses a statement which that person believes to be truthful does not "knowingly" make, submit, or use a false, fictitious, or fraudulent statement.

An act is done "willfully" if it is done with an intention to do something the law forbids, a bad purpose to disobey the law.

**Authority**:     2A O'Malley et al., § 40.13 (definition of "knowingly" used in second and third paragraphs; deleted "or writing" from third paragraph); 2 Sand et al., ¶ 36.01 Instr. 36-7 (definition of "willfully" used in fourth paragraph).

**Parties' Proposed Instruction No. 14.**

**COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS -- ELEMENT ONE**

**UNRESPONSIVENESS OR LITERAL TRUTH IS NOT FALSITY**

In deciding whether a particular defendant made or caused to be made, false, fictitious or fraudulent statements, the statements must be given their natural meaning in the context in which the words were used.  If you find that a statement made or caused to be made by the defendant was literally true, then this element is not satisfied and you must find the defendant not guilty on this charge.  As long as a statement, or a reasonable interpretation of a statement, is narrowly and literally true, there can be no conviction based upon the statement, even if you find that the answer was unresponsive to the question asked or intentionally misleading.

**Authority:**     2 Sand et al., ¶ 48.01 Instr. 48-8 (perjury instruction modified to apply to making, or causing to be made, false statements); United States v. Williams, 29 F. Supp. 2d 1, 4 (D.D.C. 1998) (noting that district court gave defendant's literal truth instruction in Section 1001 case), vacated in part, remanded by, United States v. Schaffer, 240 F.3d 35 (D.C. Cir. 2001).

**Parties' Proposed Instruction No. 15.**

**COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS -- ELEMENT FOUR**

**<u>"MATTER WITHIN THE JURISDICTION OF THE UNITED STATES
GOVERNMENT" -- DEFINED</u>**

To satisfy the fourth element of Counts Seven through Nine with respect to a particular

defendant, the government must prove beyond a reasonable doubt that the statement be made

with regard to a matter within the jurisdiction of the executive, legislative or judicial branch of

the government of the United States.  I charge you that the United States Attorney's Office for

the District of Columbia is within the executive branch of the United States Government.

There is no requirement that the statement or representation be actually directed to or

given to the United States Attorney's Office for the District of Columbia.  All that is necessary is

that you find that it was contemplated that the statement or representation was to be utilized in a

matter which was within the jurisdiction of the government of the United States.  To be within

the jurisdiction of a department or agency of the United States means that the statement must

concern an authorized function of that department or agency.

**Authority:**     2 Sand et al., ¶ 36.01 Instr. 36-14  (first sentence modified for consistency with
introductory phrases in other instructions and added "the executive, legislative or judicial branch
of the" before "government of the United States.").

**Parties' Proposed Instruction No. 16.**

## COUNTS SEVEN THROUGH NINE: FALSE STATEMENTS

## <u>UNANIMITY</u>

Counts Eight and Nine of the indictment, charging the defendants with knowingly and willfully making, or causing to be made, a false, fictitious, or fraudulent statement, allege more than one false or fraudulent statement in each count.

The government is not required to prove that all of the statements that are alleged, individually, in Counts Eight and Nine of the indictment are, in fact, false.

Each juror must agree with each of the other jurors, however, that, within each count, the same statement or representation alleged to be false, fictitious, or fraudulent is, in fact, false, fictitious, or fraudulent. The jury need not unanimously agree on every statement alleged in each count, but, in order to convict, must unanimously agree upon at least one such false, fictitious, or fraudulent statement in each count.

Unless the government has proven the same false or fraudulent statement to each of you, beyond a reasonable doubt, for Count Eight and Count Nine, you must acquit the defendant of the charges in those counts of the indictment.

**Authority:**    2A O'Malley et al., § 40.15 (modified for multiple counts and to apply to aiding and abetting liability).

**Parties' Proposed Instruction No. 17.**

## COUNTS THREE THROUGH NINE: OBSTRUCTING JUSTICE AND FALSE STATEMENTS

### <u>AIDING AND ABETTING</u>

You may find a defendant guilty of Obstructing Justice or with making, or causing to be made, a false, fictitious, or fraudulent statement, as I have defined those offenses, without finding that he or she personally committed each of the acts that make up the crime or that he or she was present while the crime was being committed.  Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender.  It makes no difference which label you attach.  They are as guilty of the crime as they would be if they had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that he or she knowingly associated him or herself with the commission of the crime, that he or she participated in the crime as something he or she wished to bring about, and that he or she intended by his or her actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary.  Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his or her guilt.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime.  The government is not required to prove the crime was committed in the particular way planned or agreed upon.

I have already instructed you on the elements of the offenses with which the defendants are charged.  With respect to the charge of Obstructing Justice, regardless of whether a particular

defendant is an aider and abettor or principal offender, the government must prove beyond a reasonable doubt that the defendant personally acted corruptly with specific intent to obstruct or impede the due administration of justice.   With respect to the charge of making, or causing to be made, a false, fictitious, or fraudulent statement, regardless of whether a particular defendant is an aider and abettor or principal offender, the government must prove beyond a reasonable doubt that the defendant personally knowingly and willfully made, or caused to be made, a statement that the defendant knew was false, fictitious or fraudulent at the time it was made.

It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime.

**Authority:**     Red Book Instr. 4.02 (modified for multiple charges).

**Defendants' Proposed Instruction No. 18.**

<u>**THE GOOD FAITH DEFENSE TO KNOWING AND WILLFUL AND SPECIFIC INTENT CRIMES**</u>

The good faith of the defendants is a complete defense to the charges in the indictment because good faith on the part of the defendants is, simply, inconsistent with a finding of specific intent to violate and interfere with an individual's constitutional rights, specific intent to obstruct justice, or knowingly and willfully making, or causing to be made, false, fictitious or fraudulent statements.  Count One of the indictment requires you to find that the defendants acted with the specific intent to deprive the victim of his right to freedom from unreasonable seizure.  Counts Two through Six require you to find that the defendants acted corruptly with specific intent to obstruct or impede the due administration of justice.  Counts Seven through Nine require you to find that the defendants knowingly and willfully made, or caused to be made, a false, fictitious, or fraudulent statement or representation with regard to a matter within the jurisdiction of the executive branch of the government of the United States.  Good faith on the part of the defendants, as I will explain it to you, is a complete defense to all of these charges.

A person who acts on a belief or an opinion honestly held is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an error in management does not rise to the level of knowledge and willfulness, and specific intent required by the charged offenses.

The law is intended to subject to criminal punishment only those people who specifically intend to interfere with an individual's constitutional rights, or obstruct justice, or knowingly and willfully attempt to deceive. While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with known legal duties.

In determining whether or not the government has proven a particular defendant acted in good faith or acted with the specific intent to deprive Jerome Jones of his free exercise and enjoyment of the right to be free from unreasonable seizure or to obstruct the due administration of justice, or acted knowingly and willfully in making, or causing to be made, a false, fictitious, or fraudulent statement, the jury must consider all of the evidence in the case bearing on that defendant's state of mind.

The burden of proving good faith does not rest with the defendants because the defendants do not have an obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendants acted with the specific intent to interfere with Jerome Jones' constitutional right to be free from arrest without probable cause, the specific intent to obstruct the investigation into the murder of Terrance Brown, and the defendants knowingly and willfully made, or caused to be made, false, fictitious, or fraudulent statements.

If the evidence in this case leaves the jury with a reasonable doubt as to whether a particular defendant acted in good faith, the jury must acquit the defendant.

**Authority:**    Adapted from 2A O'Malley et al., § 40.16 (modified to include 18 U.S.C. § 241, and 22 D.C. Code §§ 722(a)(6), 1805 and 1805(a)).

**Government's Objection to Defendants' Proposed Instruction No. 18.**

The government objects to Defendants' Proposed Instruction No. 18. However, if the Court is inclined to give it, the government requests its proposed instructions 19-21 also be provided.

**Government's Proposed Instruction No. 19.**

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his or her eyes to what would otherwise have been obvious to him or her. While knowledge on the part of a defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself or herself to the existence of a fact. The good faith instruction that I have given you does not allow either defendant to be willfully blind to his or her conduct.

The word "willfully," as used in these instructions, means that the defendant knowingly performed an act or failed to act deliberately and intentionally, as contrasted with accidentally, carelessly, or unintentionally.

**Authority:** Devitt, Blackmar & O'Malley, FJP&I, Vol. 1A, §17.04, 17.05 (2000)

**Defendants' Objections to Government's Proposed Instruction No. 19.**

Defendants object to the first and third paragraphs of the government's proposed instruction Nineteen as unnecessary because "knowingly" "and willfully" are defined in Parties' Proposed Instruction No. 13. In addition, the government's proposed definition of "willfully" is indistinguishable from "knowingly" and does not sufficiently convey the intent standard required, as set forth in instruction no. 13

Defendants object to the second paragraph of government's proposed instruction Nineteen because it is premature and unnecessary. The government is not entitled to a "willful blindness" instruction as a matter of right. Instead, "a willful blindness instruction should not be

given unless there is evidence that the defendant purposely contrived to avoid learning all the facts in order to have a defense in the event of a subsequent prosecution" or "[the defendant] was aware of a high probability [of the fact in dispute] and consciously avoided confirming that fact." United States v. Alston-Graves, 435 F.3d 331, 341 (D.C. Cir. 2006) (holding willful blindness instruction improper under either test due to the absence of factual predicate) (citations and internal quotation marks omitted).  Thus, until the government establishes a factual predicate for its proposed willful blindness instruction, its request for such an instruction is premature.

Furthermore, the facts of this case do not appear to support a willful blindness instruction. The government has alleged that Defendants knowingly and willfully made or caused false, fictitious, or fraudulent statements and intentionally made or caused to be made false statements to United States Attorney's Office ("USAO") in an effort to obstruct justice.  The government has never alleged that Defendants purposely avoided learning the truth about the facts of the Club U murder investigation.  Instead, the government contends that Defendants knew the facts and intentionally misrepresented, or caused them to be misrepresented, to the USAO.  Therefore, it does not appear that the government will be able to establish the required factual predicate for a willful blindness instruction and the Court should decline to give the government's proposed instruction Nineteen.

**Government's Proposed Instruction No. 20.**

As I have instructed, the government must prove that the defendants knew that

_____.

I further instruct you that this knowledge element may be proven either by evidence that

the defendants actually knew _____, or by evidence that

they were "willfully blind" to such an event.

In determining whether the defendants were "willfully blind," you should not find the

defendant guilty if all the evidence proves is a mistake or even careless disregard.  However, you

may conclude that the knowledge element has been proven if the evidence shows that the

defendant deliberately and purposely closed his eyes to avoid knowing what was taking place

around him.


**Authority:**  Horn's Federal Criminal Jury Instructions for the Fourth Circuit, 2005 Edition, §
2.90; *United States v. Campbell*, 977 F.2d 854, 858 (4th Cir. 1992); *see, e.g., United States v.
Ruhe*, 191 F.3d 376 (4th Cir. 1999); *United States v. Abbas*, 74 F.3d 506, 513 (4th Cir. 1996);
*United States v. Mancuso*, 42 F.3d 836, 846 (4th Cir. 1994); *United States v. Whittington*, 26 F.3d
456, 462 (4th Cir. 1994); and *United States v. Cogdell*, 844 F.2d 179, 181-82 (4th Cir. 1988);
*United States v. Schnabel*, 939 F.2d 197, 203 (4th Cir. 1991).


**Defendants' Objections to Government's Proposed Instruction No. 20.**

Defendants object to the Government's proposed instruction Twenty because it is

duplicative of the government's proposed "willful blindness" instruction Nineteen.  Defendants

also object to the government's proposed instruction Twenty for the reasons set forth in

Defendants' objections to government's proposed instruction Nineteen.

**Government's Proposed Instruction No. 21.**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or act done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

**Authority:**  Deviit, Blackmar & O'Malley, FJP&I, Vol. 1A, § 17.07 (2000).

**Defendants' Objections to Government's Proposed Instruction No. 21.**

Defendants object to government's proposed instruction Twenty-One because it is unnecessary.  The parties have jointly requested that the Court give Red Book Instruction 2.10 -- Direct and Circumstantial Evidence -- which states in pertinent part:  "The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty that direct evidence.  In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial."  Red Book Instr. 2.10.  Thus, the government's proposed instruction Twenty-One -- which essentially instructs the jury that it can consider circumstantial evidence of the Defendants' intent -- is redundant and unnecessary, and the Court should decline to give the government's proposed instruction Twenty-One.

**Parties' Proposed Instruction No. 22.**

## DEFENDANTS' THEORY OF CASE

[To be submitted at the close of the trial.]

**Authority:**    Red Book Instr. 5.01, note ("When a defendant requests an instruction on a theory of the case that negates his guilt of the crime charged, and that instruction is supported by any evidence, however weak, the court must give an instruction stating the substance of the defendant's theory.") (citations omitted).

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Robert A. Ayers (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Counsel for Erick R. Brown

David Schertler
Danny Onorato
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601
(202) 628-4199

Counsel for Milagros L. Morales

William F. Gould
U.S. Attorney's Office for the
Western District of Virginia
225 West Main Street
Charlottesville, VA  22902
(434) 293-4283

Counsel for the United States

Dated:  August 6, 2007