UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NUMBER: |
| | : | 1:2007-cr-00075-CKK |
| | : | |
| | : | The Honorable Colleen |
| v. | : | Kollar-Kotelly |
| | : | |
| ERICK R. BROWN, and | : | Trial dates:  August 20 through |
| MILAGROS L. MORALES, | : | 31, 2007. |
| | : | |
| Defendants. | : | |
| | : | |

**UNITED STATES'S RESPONSE TO DEFENDANT'S
MOTION IN LIMINE REGARDING STATEMENTS OF PARTY OPPONENT**

The government herein opposes defendants' motion in limine to introduce limited excerpts from two government submissions filed in the related Superior Court matter, United States v. Jerome Jones.  The government believes that the excerpts proposed by defendants are wildly inconsistent with facts presented in the two submissions when the facts of those filings are read in their entirety.  The government does not object to the argument sections of the two submission being edited out, as these may cause confusion for the Court's jury.  Subsection II found at pages seven and eight of Government's In Limine Motion to Preclude Mention of Conduct of Detectives, and paragraphs seventeen through twenty of Government's Opposition to Defendant's Motion to Dismiss Indictment are the legal arguments that are arguably unnecessary to put the excerpts proposed by defendants in context.

Federal Rule of Evidence 106 requires that when documents such as those at issue here are introduced that the party also provide to the jury "any other part or any other writing . . . which ought in fairness to be considered contemporaneously with it." This rule of completeness protects against the danger that written material may be misleading if taken out of context. The rule, which applies only to writings and recorded statements, applies even if the writing or statement is not offered, but is effectively presented through testimony or in some other way. See Rainey v. Beech Aircraft, 784 F.2d 1523, 1529-1530 (11th Cir. 1986), rev'd on other grounds, 488 U.S. 153 (1988). The other writing, or other portion of the offered writing, must be relevant to the issues and must be necessary "to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding" of the document or statement offered. United States v. Soures, 736 F.2d 87, 91 (3d Cir. 1984), accord United States v. Glover, 101 F.3d 1183, 1190 (7th Cir. 1996); United States v. Branch, 91 F.3d 699, 727-729 (5th Cir. 1996). It is noteworthy that this rule can even sweep in completely separate documents or filings if those other documents are necessary to put the offered writings, or portions of writings, in context for the finder of fact.

The government believes that defendants intend to use their snippets taken from the two submissions in the Jones case to claim, among other things, first, that the government's position was different in that case than it is here, and, second, that the four attorneys who sponsored those documents were somehow doing the same thing that defendants are charged with doing in this Court's matter, i.e., in essence they were obstructing justice or making

2

false statements by filing these documents. Both positions are contradicted by the other facts in these government submissions, as well as by the detail and care that the AUSAs took in setting forth the conduct at issue. In fact, the detail that the government includes in these two submissions belies the assumed assertions that would be made by defendants. The government set forth a factual picture that is remarkably similar to what it expects its evidence to be in this trial. In addition, the authors of these documents were not manufacturing and suppressing facts in the way that defendants are alleged to have done. To the contrary, they accurately portray all of defendants' conduct as well as that of the three critical witnesses, in some cases more than once. To pull out a "stabbed" here and a "knife" there while leaving the nuance and detail on the editing floor, paints not only an inaccurate, but a misleading, picture of the government's litigation position in the Jones case. It should also be noted that this is not a case where parts of these documents are not relevant or do not address the issue of the defendants' conduct that will be before the jury. All parts of the facts sections are relevant and necessary to understand the government's position in the Jones case. The documents in their entirety also demonstrate the care that the AUSAs took when they prepared and submitted these filings. They were not doing what defendants are alleged to have done, and that is clear when one reads the whole submissions.

Noting the commonly used completeness factors above, under defendants' proposal, the government would be left completely unable to explain the proposed admitted portions or put them in context. Defendants' excerpts would mislead the jury about the government's position in the Jones case, and the jury would not be able to understand what the signatories

to the two documents conveyed to the trial judge in that case. As the Court at one hearing pointed out, the nuance in this case is critical, and what the detectives said over time to these witnesses and what they did throughout their investigation of the Terrance Brown murder will be critical to the jury's deliberations. This is equally true for these submissions. Excerpts from these documents, no matter how extensive, could only disguise the government's position in the Jones matter.

WHEREFORE, the United States respectfully requests that the Court deny defendants' motion in limine, to the limited extent that it require defendants to admit each entire document, with the exception of the argument sections.

        Respectfully submitted,

        JOHN L. BROWNLEE
        United States Attorney

        s\Bill Gould
        William F. Gould
        Assistant United States Attorney
        District of Columbia Bar # 428468
        Virginia State Bar # 67002

<u>C E R T I F I C A T E</u>

I certify that a true and correct copy of this government response in this case has been filed through the Court's electronic filing system, which will send a copy to counsel for both defendants, David Schertler and Danny Onorato of Schertler & Onorato, L.L.P., for Milagros Morales, and Reid Weingarten and Brian Heberlig of Steptoe & Johnson, L.L.P., for Erick Brown, in the pm on this 15th day of August, 2007.

s\Bill Gould<br>
William F. Gould<br>
Assistant United States Attorney