## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal Case No. 07-075** |
| ) | |
| **ERICK R. BROWN,** and ) | **Judge Colleen Kollar-Kotelly** |
| **MILAGROS L. MORALES,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' RESPONSE MOTION IN LIMINE TO USE STATEMENTS OF
## THE DEPARTMENT OF JUSTICE AS STATEMENTS OF A PARTY-OPPONENT

Defendants, Milagros L. Morales and Erick R. Brown, through undersigned counsel, submit this response to the Government's submission with respect to their motion in limine to permit them to use certain factual assertions made by the Department of Justice as statements of a party-opponent.  The reasons supporting this motion are set forth below.

## I.    ADMISSIONS BY A PARTY-OPPONENT

Rule 801(d)(2) states that out-of-court statements offered are admissible if:

The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

Detectives Morales and Brown seek admission of three statements made by the government in a prior proceeding in the present case.  The first is an excerpt taken from the "*Government's in Limine Motion to Preclude Mention of Conduct of Detectives Millagros [sic] Morales and Erick Brown.*"  ("The First Pleading").  The statement reads, "*Indeed, each of the witnesses stated that they did not think anything was wrong when the detectives asked them to*

*change their testimony.*" (The Government's Motion at p. 8, n. 6.)

The second and third are from the *"Government's Opposition to Defendant's Motion to Dismiss Indictment." ("The Second Pleading").* The statement reads:

> On or about February 13, 2005, at approximately 2:45 a.m., the defendant, Jerome Jones, got into a fight at the Club U nightclub formerly located in the Reeves building at 14th and U Streets, NW, Washington, D.C. After arguing with the decedent in this case, Terrance Brown, on the dance floor, he stabbed him multiple times with a short-bladed instrument described by witnesses as a box cutter.
> (Government's Opposition at 1.)

> On February 14, 2005, the detectives interviewed W-3 on videotape and it described what it saw of the fight. It knew the defendant as Jerome. . . It was approximately 6-7 feet from the defendant when he pulled out a knife and began throwing punches at the decedent with it. . . . W-3 positively identified the defendant as the person who stabbed the decedent.
> (Government's Opposition at 3.)

There is no dispute that the material Detectives Brown and Morales seek to use is proper under Rule 801(d)(2). Indeed, the United States has filed a responsive pleading indicating that it does not object to the statements being admitted into evidence. The government has, however, asked the Court to allow the entire documents into evidence after removing subsection II found at pages seven and eight of the First Pleading, and removing paragraphs seventeen trough twenty of the Second Pleading. *See* United States Response to Defendant's Motion In Limine filed August 16, 2007 at p.1.

For the reasons submitted below, they respectfully submit that the government has not shown a valid basis for admission of, in essence, the whole document, both factually and legally. As such, we respectfully ask the Court to deny the government's request as overly broad.

## II.    <u>ANALYSIS UNDER RULE 106</u>

Fed. R. Evid. 106 provides that " [w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

A district court has wide discretion in allowing material to be introduced into evidence under Rule 106.  *United States v. Caraballo*, 375 F.3d 797, 803 (8th Cir. 2004).  The "party urging admission of an excluded conversation must specify the portion of the testimony that is relevant to the issue at trial and that qualifies or explains portions already admitted."  *Id.* at 804 (internal quotations and citations omitted).

In this case, the government, despite having been asked to do so by the Court and having ample opportunity to consider the issue, has made no attempt whatsoever to "qualify or explain" the three statements Detectives Morales and Brown seeks to use at trial and illustrate their relevance.  Rather, it has taken a kitchen sink approach, which would not serve to benefit any fact finder.  The government's failure to do so is sufficient reason to bar its request.  *See, Paul Arpin Van Lines v. Universal Transportation Services*, 988 F.2d 288, 293-94 (1st Cir. 1993) (A district court is not required to do the work of a party who fails to identify with specificity relevant specificity material for admissibility under Rule 106).

Moreover, there are additional reasons for which the Court must reject the government's request.  First, there is no "misunderstanding or distortion" being created by introduction of the government's three admissions as set forth above.  The government was astutely aware of the allegations raised against both detectives when these pleadings were drafted and filed in the Superior Court.  The remaining portions of the pleadings do not in any way explain why the

United States used the language at issue.

Indeed, Detectives Brown and Morales are entitled to allow the fact finder to consider the fact that the government has made inconsistent representations about the same issue in separate legal proceedings. There is a growing body of case law to suggest that "the due process clause is violated where the prosecution presents inconsistent theories at [different] trials." *Boyd v. United States*, 908 A.2d 39, 51 (D.C. 2006). *Hammond v. United States,* 880 A.2d 1066, 1105 (D.C.2005); *see also Smith v. Groose,* 205 F.3d 1045 (8th Cir.2000); *Thompson v. Calderon,* 120 F.3d 1045 (9th Cir.1997) (en banc) (plurality opinion), *rev'd on other grounds,* 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998); *Stumpf v. Mitchell,* 367 F.3d 594, 611-12 (6th Cir.2004), *vacated in part sub nom. Bradshaw v. Stumpf,* 545 U.S. 175, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005); *In re Sakarias,* 35 Cal.4th 140, 25 Cal.Rptr.3d 265, 106 P.3d 931 (2005), *cert. denied sub nom. Waidla v. California,* --- U.S. ----, 126 S.Ct. 430, 163 L.Ed.2d 327 (2005); *but cf. United States v. Urso,* 369 F.Supp.2d 254, 263-64 (E.D.N.Y.2005).

Second, rule of completion would only allow material to be used at trial, if there was a valid legal basis to do so. In this case, the government wishes to use hearsay statements made by fact witnesses who are expected to testify in this trial. The government has not identified the hearsay exception that would allow any of the material, particularly statements made by third parties, to be admitted. *See Caraballo* 375 F.3d at 803. As such, the material must be excluded.

III.    **CONCLUSION**

For the reasons set forth above, we ask the this Court rule in limine that the Defendants may introduce into evidence the three statements outlined above of the Department of Justice as set forth above as statements of a party-opponent.

Dated:  August 17, 2007                    Respectfully submitted,

                                           MILAGRO A. MORALES

                                           By Her Attorneys,

                                           _____/s/_____
                                           David Schertler
                                           Danny Onorato
                                           SCHERTLER & ONORATO, LLP
                                           601 Pennsylvania Avenue, N.W.
                                           Suite 900 – NORTH Building
                                           Washington, D.C.  20004
                                           Telephone:  (202) 628-4199
                                           Facsimile:   (202) 628-4177

                                           ERICK R. BROWN

                                           By his attorneys,

                                           _____/s/_____
                                           Brian Heberlig
                                           Reid H. Weingarten
                                           STEPTOE & JOHNSON, LLP
                                           1330 Connecticut Avenue, NW
                                           Washington, DC  20036
                                           Telephone:  (202) 429-8134
                                           Facsimile:   (202) 429-3902