UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERICK R. BROWN, and MILAGROS L. MORALES,<br><br>Defendants. | Crim. No. 07–75 (CKK) |

**MEMORANDUM OPINION**
(August 24, 2007)

The Court shall herein set out the proper legal framework in which it may permit Defendants to introduce character evidence and the Government to cross-examine Defendants based on specific incidents demonstrating character traits which relate to character evidence offered by Defendants. The Court does not make any specific rulings on particular evidence in this Memorandum Opinion, which is not accompanied by an Order, as such evidentiary decisions are not yet ripe.[1]

**I.    Character evidence in the form of opinion or reputation may be offered by Defendants which demonstrates truthfulness and/or other appropriate character traits potentially including professional diligence.**

---

[1] *See United States v. Lewis*, 482 F.2d 632, 643-44 (D.C. Cir. 1973) (holding that there could not be a "careful balance of probative value and prejudice," where a clear understanding of the "facets of the expected testimony" was not yet understood.) "[U]nless the judge has a grasp of how much ground has been–or, in this case, would have been–traversed by the offering on good character, he cannot define the ground which the cross-examiner may cover in attempting to discredit that testimony." *Id. See also id.* at 643 ("The discretion which trial judges are thus summoned to exercise is an informed discretion–one which takes into account all relevant factors deserving of consideration. The discretionary function is aborted if the judge acts without the information essential to comprehension and treatment of those factors." (internal footnote omitted)).

  *A. Defendants may introduce relevant character evidence.*

  Pursuant to Federal Rule of Evidence 404(a), "[i]n a criminal case, evidence of a pertinent trait of character [may be] offered by an accused[.]" Fed. R. Evid. 404(a)(1). Generally, where a character trait is relevant to the issues raised at trial, a defendant may offer evidence of a character trait through reputation or opinion testimony: "In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). *See also Lewis*, 482 F.2d at 637 ("The accused may elect to advance one or more of his character traits as evidence of his innocence. . . . His presentation, in terms of number of such traits, may be as narrow or as broad as he chooses so long as it remains germane to issues on trial." (internal footnotes omitted)). While character witnesses (rather than defendants themselves) are typically used to provide reputation or opinion testimony as to a defendant's character, defendants in certain instances may themselves offer evidence as to their good character and accordingly open the door to cross-examination on those same traits. *See United States v. Cudlitz*, 72 F.3d 992, 995-96 (1st Cir. 1996) ("The rules governing this subject–cross-examining a criminal defendant about prior wrongs–are among the most complex and confusing in the entire law of evidence."). However, unless the case is one "in which character or a trait of character of a person is an essential element of a charge, claim, or defense," in which case a defendant may provide proof of "specific instances of that person's conduct," *see* Fed. R. Evid. 405(b), a defendant may only offer character evidence via opinion or reputation testimony.

  In determining which character traits may be relevant to the instant case, the Court notes that Defendants have been charged with obstruction of justice and making false statements. The

Court concludes that such charges implicate the truthfulness and veracity of Defendants, and accordingly Defendants may offer character evidence with respect to these character traits. While "[e]ven in its broadest sense, the term 'crimen falsi' has encompassed only those crimes characterized by an element of deceit or deliberate interference with a court's ascertainment of truth," *see United States v. Smith*, 551 F.2d 348, 363 (D.C. Cir. 1976), the Government has not argued that obstruction of justice and false statement charges could under any circumstances fall outside of this rubric. *See also United States v. Haldeman*, 559 F.2d 31, 91 n.160 (D.C. Cir. 1976) (holding that the defendant's prior conviction on perjury charges had a direct bearing on reputation testimony by character witnesses for defendant's truth and veracity). Accordingly, while normally pursuant to Federal Rule of Evidence 608,[2] a witness's character for truthfulness or veracity may only be supported once attacked, Defendants in this case need not testify in order to present character evidence with respect to truthfulness and veracity because such traits are implicated by the charges against them. *See In re: Sealed Case*, 352 F.3d 409, 412-13 (D.C. Cir. 2003) (holding that a defendant charged with conspiracy to illegally purchase and unlawfully transport firearms, in which "the indictment and the government's proof of the conspiracy made appellant's truthfulness and honesty a part of the charged conspiracy, and thereby invited appellant to introduce character evidence for those traits," was entitled to present character evidence on truthfulness and honesty: "Evidence on the specific character traits for truthfulness

---

[2] "The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Fed. R. Evid. 608(a).

3

and honesty has been held admissible both when the defendant testifies at trial and the prosecution attacks the defendant's credibility, and when the defendant is charged with an offense in which fraud or falsehood is one of its statutory elements."). *See also Edgington v. United States*, 164 U.S. 361, 363-364 (1896) ("We are constrained to sustain the assignments which complain of the exclusion of testimony offered to show defendant's general reputation for truth and veracity. . . . [A]s here the defendant was charged with a species of the crimen falsi, the rejected evidence was material and competent. . . . It was not intended to give weight to the defendant's personal testimony in the case, but to establish a general character inconsistent with guilt of the crime with which he stood charged; and the evidence was admissible, whether or not the defendant himself testified.").[3]

   B.   *Commendations constitute character evidence.*

Character evidence encompasses evidence of a defendant's prior commendations and awards. Such information is not "background evidence"[4] because the only purpose for offering

---

[3] While in *United States v. Harris*, __ F.3d __, 2007 WL 1791091 (D.C. Cir. June 22, 2007), the Court cited Federal Rule of Evidence 608(a) in holding that it was not error to exclude testimony regarding defendant's truthful character since defendant had not yet taken the stand, *see* Fed. R. Evid. 608(a)(2) ("evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise"), the charge against the defendant was for possession with intent to distribute cocaine base, a charge which has been previously held by the D.C. Circuit *not* to necessarily implicate truthfulness (unlike the charges in the instant case). *See Lewis*, 482 F.2d at 640 (holding that a narcotics arrest (as opposed to conviction) does not implicate truthfulness or veracity).

[4] Judge Edward R. Becker noted in *Government of the Virgin Islands v. Grant* that "[t]he jurisprudence of 'background evidence' is essentially underdeveloped." *Government of the Virgin Islands v. Grant*, 775 F.2d 508, 513 (3rd Cir. 1985) (holding that indicating that a defendant has never been arrested for or convicted of a crime is background evidence, not character evidence, and as such does not open the door to cross-examination on character). "Certainly, the trial court is entitled to wide discretion concerning the admissibility of background evidence." *United States v. Blackwell*, 853 F.2d 86, 88 (2nd Cir. 1988). As an example of the murkiness surrounding background evidence, the cases are not in agreement

such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits or actions that demonstrate such character traits. Such information is even more character-oriented than details regarding a defendant's family composition, which have been held to be properly excluded by this circuit on the grounds that such information constitutes character evidence irrelevant to the charges in a particular case that would be used only to make the defendant appear more sympathetic. *See Harris*, 2007 WL 1791091 at *6 ("The district court's toughest evidentiary rulings, those against the mother and girlfriend, show one persistent aim: to prevent testimony whose purpose was, in the court's judgment, purely or mainly to cast [the defendant] in the sympathetic light of a dedicated family man who spent the evening before his criminal adventure talking with his mother, playing with his son, and caring for his girlfriend. This evidentiary position is unassailable; it is familiar ground that while a criminal defendant can put character in issue, the evidence can concern only a 'pertinent trait of character,' Fed. R. Evid. 404(a)(1), and even then may be excluded if 'its probative value is substantially out-weighed by the danger of unfair prejudice,' Fed. R. Evid. 403.").

    Two circuit court cases (one from this circuit) dealing specifically with defendants' requests to introduce their commendations as police officers have rejected such requests. In *United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997), a defendant charged with

---

regarding the propriety of admitting a defendant's military record. *Compare id.* at 87-88 (holding that defendant's service in the Marine Corp was properly received as background evidence), *with United States v. Solomon*, 686 F.2d 863, 873-74 (11th Cir. 1982) (holding that the defendant could not answer questions about his service in the military in a truck-hijacking conspiracy case). However, unlike the *fact* of military service, Defendants in this case seek to introduce testimony regarding closure rates and accolades received while serving in their positions as members of MPD, which is distinct from the fact that Defendants work for MPD and for how long they have done so (which is properly background information).

narcotics and bribery offenses sought to have his prior police commendations admitted as character evidence, proffered to rebut instances of criminal activity raised by the government and to disprove predisposition. The D.C. Circuit held that the district court did not abuse its discretion in refusing to admit the defendant's commendations, as defendant's "dedication, aggressiveness, and assertiveness" in investigating drug dealing and carjacking (for which he received the commendations at issue) was neither "pertinent" to the crimes charged nor "an essential element" of supposed lack of predisposition to engage in corrupt criminal activity. *Id.* at 999-1000. In *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989), cited with approval in *Washington*, the defendant was charged with and convicted of mail fraud conspiracy and perjury related to the purchase of police officer promotion exams and answers. Affirmed by the circuit court, the trial court did not permit the defendant to offer into evidence either his resume or anecdotal proof of commendations received while in military service and as a police officer:

> Nazzaro argues that evidence of such awards and commendations comprised "character evidence," admissible under Fed.R.Evid. 404(a)(1) (allowing an accused to offer "[e]vidence of a pertinent trait of character"). Assuming, without deciding, that these materials can be considered "character evidence" at all, the traits which they purport to show–bravery, attention to duty, perhaps community spirit–were hardly "pertinent" to the crimes of which Nazzaro stood accused. The district court, which has some flexibility in admitting or excluding evidence on the basis of relevancy, was within its lawful powers in rejecting the proffer.

*Id.*

However, the charges at issue in *Washington* and *Nazzaro* relate to acts (drug dealing, stealing exams) committed by police officers outside of their scope of duty, such that the manner in which the defendants in those cases performed their professional duties was not at issue. The instant case, however, is less clear-cut, as the conduct at the heart of the charges against

6

Defendants has been cast in trial to date as part and parcel of Defendants' professional diligence and involves their duties as police officers. Accordingly, though the Court is yet unaware of the specifics of the commendations sought to be introduced by Defendants, the Court notes that a character trait akin to "professional diligence" may be relevant to the case as a whole or to Defendants' defense.

But while the traits exemplified by Defendants' commendations may be *relevant* to the instant case, commendations themselves are arguably neither opinion nor reputation testimony and accordingly are more akin to specific instances of conduct which may only be offered "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). *See Cudlitz*, 72 F.3d at 995-96 ("[Defendant's] good character evidence [by testifying on direct examination that, when previously faced with an unprofitable business venture, he had dutifully paid has debts and had not had any fire connected with that enterprise, nor made a claim for insurance for fire damage on any other of his properties] was improper in form since the rules limit the proponent to offering an opinion or reputation witness rather than testifying to specific instances or events . . . ."); *French v. United States*, 232 F.2d 736, 740-41 (5th Cir. 1956) (holding that the trial court "right[ly]" refused to admit defendant's service record in the U.S. Army, as "it was not permissible to show good character by evidence of particular and specific facts, such as battle citations and the awarding of the Purple Heart."). *But see United States v. Giese*, 597 F.2d 1170, 1190 (9th Cir. 1979), *cert. denied*, 444 U.S. 979 (1979) ("Unlike character witnesses, who must restrict their direct testimony to appraisals of the defendant's reputation, a defendant-witness may cite specific instances of conduct as proof that he possesses a relevant character trait such as peaceableness."

7

(internal footnote omitted)). No argument has been made by Defendants thus far that this is a case "in which character or a trait of character of a person is an essential element of a charge, claim, or defense."

II.     **The Government may cross-examine Defendants about specific instances for which it has a good faith basis and which demonstrate either truthfulness or lack of professional diligence only if these traits are raised by character evidence offered by Defendants' witnesses.**

Pursuant to Federal Rule of Evidence 404(a), "[i]n a criminal case, evidence of a pertinent trait of character [may be] offered by an accused, or by the prosecution to rebut the same[.]" Fed. R. Evid. 404(a)(1). The prosecution may inquire into specific instances of Defendants' conduct relevant only to character testimony offered by Defendants themselves on cross-examination: "In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct." Fed. R. Evid. 405(a). *See United States v. Coumaris*, 399 F.3d 343, 348 (D.C. Cir. 2005) ("[Defendant] concedes that, when a defendant offers witnesses to testify regarding his character, on cross-examination 'inquiry is allowable into relevant specific instances of conduct,' Fed. R. Evid. 405(a), 'including prior convictions or arrests of the accused,' *United States v. Lewis*, 482 F.2d 632, 638 (D.C. Cir. 1973). Coumaris Br. at 19. But [defendant] also correctly notes that such inquiry is limited to instances that are relevant to the traits of character about which the witnesses have testified."). *See also Lewis*, 482 F.2d at 641 ("'[i]t is not only by comparison with the crime on trial,' said the [Supreme] Court, 'but by comparison with the reputation asserted that a court may judge whether the prior arrest should be made subject of inquiry.'" (quoting *Michelson v. United States*, 335 U.S. 469, 483-84 (1948))). As the incidents subject to

8

cross-examination must relate to the character evidence raised by Defendants, the Court notes that it shall carefully assess whether the incidents about which the Government seeks to cross-examine Defendants actually demonstrate the character traits that the Government alleges. The Court shall not, for example, stretch the meaning of truthfulness as requested by the Government by imputing dishonest motives to behavior which would be better characterized as relating to professionalism.

Cross-examination of a witness regarding specific incidents relevant to the character traits about which that witness testified is permitted in order to test the credibility of the witness:

> The probe on cross-examination may extend to those matters, among others, which legitimately affect the witness' knowledge of the accused's community reputation for the character trait or traits which he confirms. Accordingly, it is well settled, both here and elsewhere, that it may become appropriate on cross-examination to ask a good-character witness whether he has heard reports of particular events, including prior convictions or arrests of the accused, which are inconsistent with the reputation to which he has testified. Questions of this sort are permitted as a test of the credibility of the witness, for the good-reputation testimony may be doubted if the witness has heard the report, and the witness' acquaintance with the accused's community reputation may be disbelieved if he has not heard. The inquiry is indulged solely for that purpose, and the jury must be instructed to limit consideration of the interrogation to an assessment of the worth of the witness' testimony.

*Lewis*, 482 F.2d at 638 (internal footnotes omitted). *See Haldeman*, 559 F.2d at 91 ("When a character witness is offered by the accused, he becomes subject to cross-examination as to his testimonial qualifications."); *Lewis*, 482 F.2d at 638 ("When, however, a character witness, either for the accused or for the prosecution, is offered, he becomes subject to cross-examination as to his testimonial qualifications just like any other witness.").

In order to cross-examine a witness about a particular incident, a good faith basis must

exist that the relevant incident occurred. *See Lewis*, 482 F.2d at 639;[5] *United States v. Whitmore*, 359 F.3d 609, 621-22 (D.C. Cir. 2004) ("Counsel . . . need only have a reasonable basis for asking questions on cross-examination which tend to incriminate or degrade the witness, and the general rule in such situations is that the questioner must be in possession of some facts which support a genuine belief that the witness committed the offense or the degrading act to which the question relates." (internal quotations omitted)). However, there is some indication that the Government must also have a good faith basis that the incident would either be relevant to the witness's own opinion (in the case of opinion testimony) or be likely to be known by the relevant community in the case of reputation testimony. *United States v. Bruguier*, 161 F.3d 1145, 1150 (8th Cir. 1999). *See also United States v. Monteleone*, 77 F.3d 1086, 1090-91 (8th Cir. 1996) (holding that the defendant's alleged perjury before a federal grand jury was not a proper basis for cross-examination because it was "patently unlikely that the public would have become aware of [the defendant's] testimony"); *Awkard v. United States*, 352 F.2d 641, 643-44 (D.C. Cir. 1965) (holding in part that cross-examination of character witnesses regarding prior arrests of the defendant that occurred outside of one witness's community was improper); *United States v. Lundy*, 416 F. Supp. 2d 325, 331 (E.D. Pa. 2005) ("Before permitting cross-examination of a

---

[5] "The matters the witness is to be asked about should first be established to the trial judge's satisfaction as actual events. The questions put to the witness should be carefully and narrowly framed. The questions, of course, must be restricted to events affecting the character trait or traits the accused has placed in issue; their propriety is to be determined by comparison with the reputation asserted. The process demands close supervision; wide discretion is accompanied by heavy responsibility on trial courts to protect the practice from any misuse. And obedient to the principle governing any use of evidence indicative of other criminality, the inquiry should be permitted only when the probative value of the information which might be elicited outweighs the prejudice to the defendant." *Lewis*, 482 F.2d at 639 (internal footnotes omitted).

character witness on specific instances of a defendant's conduct, the trial court must ascertain that the Government has a good-faith basis for the line of questioning and that the conduct at issue "'would probably result in some comment among acquaintances if not injury to defendant's reputation.'" (quoting *Michelson*, 335 U.S. at 481)).

Extrinsic evidence may not be used with respect to cross-examination on specific incidents demonstrative of lack of trustworthiness or veracity or any other character trait proffered by Defendants. *See* Fed. R. Evid. 608(b) ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence.").

### III. Federal Rule of Evidence 403 applies to character evidence and cross-examination related thereto.

Of course, with respect to the admission of character evidence or cross-examination related thereto, the Court must balance whether the probative value of such evidence is substantially outweighed by any unfair prejudice pursuant to Federal Rule of Evidence 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The time frame in which specific incidents occurred may affect the Court's calculation of their probative value versus any unfair prejudice or confusion cross-examination on such incidents may cause. For example, events that occurred subsequent to the crimes charged may be less likely to be the proper subject of cross-examination with respect to the character traits implicated in the charges against Defendants. *See Lewis*, 482 F.2d at 641-42 ("[T]he courts have generally held that a reputation subsequent to publication of the charge on

trial is not admissible in evidence. . . . A number of courts have also stated that cross-examination of goodcharacter [*sic*] witnesses on their knowledge of events indicating misconduct on the accused's part, like direct presentations on reputation themselves, should be limited to awareness of events which transpired before the time in issue." (internal footnotes omitted)); *United States v. Curtis*, 644 F.2d 263, 268 (3rd Cir. 1981) ("In dealing with community reputation for a trait of character, moreover, it has long been settled that reputation reasonably contemporaneous with the acts charged is relevant, but that reputation after the criminal charge under consideration is not."). "The reason why evidence of reputation of a defendant as of a time subsequent to the time of the act in issue is usually objectionable is, not because it is not relevant, but because of the likelihood that a false reputation has been created as a result of public discussion and partisan feeling about the very act charged or as a result of interested utterances of persons concerned with the prosecution." *United States v. Null*, 415 F.2d 1178, 1180 (4th Cir. 1969). However, if Defendants take the stand such that their truth and veracity while testifying is relevant, incidents demonstrating a lack of truth and veracity after the criminal conduct charged and near the time of trial may be more relevant. "[Where] defendant's credibility as a witness [was] in issue, his reputation at the time of trial was crucial and, therefore, relevant." *Id.* See generally *Lewis*, 482 F.2d at 642 ("Not every situation calls for exclusion of questions exploring knowledge of events occurring after the time in issue. Not every subsequent event is an unacceptable topic, nor a topic so prejudicial as to outweigh its probative significance; some events otherwise objectionable perhaps could be made unobjectionable. A decision to permit inquiry respecting subsequent events should, of course, be reached cautiously, and only for the best of reasons. But in the final analysis the matter should be left to careful handling by the trial

judge, subject to appellate correction only where mishandling is clear." (internal footnotes omitted)). Regardless, a clear understanding of when any incidents occurred is fundamental to the Court's balancing under Rule 403.

Accordingly, the Court herein has set forth the legal framework under which it shall consider proffered character evidence and any incidents proffered as the subject of cross-examination related thereto.

Date:   August 24, 2007

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
